## ROLSTON vs. BROCKWAY and others.

*Promissory notes and mortgage — how severable.*

1. The holder of a mortgage may transfer by indorsement one of several promissory notes secured thereby, without passing any interest in the mortgage, where that is the agreement between the parties in such transfer.
2. Such agreement may be evidenced by a memorandum upon the mortgage to the effect that the note negotiated has been "paid in full," and proof that such memorandum was made by the mortgagee at the time of the transfer, in presence of the indorsee, and with his knowledge and assent.

APPEAL from the Circuit Court for *Columbia* County.

In January, 1857, Ledyard, Farnham & Co. made and delivered to the defendant *Brockway*, their six promissory notes, three for $1,000 each, one for $2,000, and two for $5,000 each, payable at different dates, and gave a mortgage for $15,000 to secure the same. Prior to this, *Brockway* had bought of one Cram a half interest in a steamboat, and given his notes to secure payment. In April, 1857, Cram gave up the notes he held for the steamboat, and received in exchange therefor the three $1,000 notes against Ledyard, Farnham & Co., above mentioned, with *Brockway's* full indorsement thereon in the usual form. Soon afterward, Cram, by his indorsement, passed the said three notes to the plaintiff, *Rolston*, for whom, in fact, in all of these transactions, he had acted merely as agent. *Brockway*, however, still held the remaining notes, amounting to $12,000, against L. F. & Co., and upon their maturity he foreclosed the mortgage (of which he had retained the possession), and purchased the mortgaged premises at the foreclosure sale. *Rolston* brought this action to enforce payment of the notes indorsed to him by a foreclosure of said mortgage, making *Brockway* a party defendant along with the mortgagors. The defense relied upon by *Brockway* was, that when he indorsed the said three notes to Cram in consid-

eration of the surrender of his own notes, it was agreed between him and Cram that the latter should not be entitled to any interest or benefit in the mortgage given to secure the notes, but instead thereof should have only *Brockway's* personal liability as an indorser.   The evidence in support of this defense is stated in the opinion.

Judgment for defendant; and plaintiff appealed.

*J. J. Cole* (with *Matt. H. Carpenter*, of counsel), for appellant.

The legal effect of *Brockway's* indorsement of the notes to Cram was to pass a corresponding interest in the mortgage, and parol evidence is inadmissible to the contrary.   *Barry v. Morse*, 3 N. H. and cases cited.   But the written evidence in this case is insufficient to prove the agreement in question.   To infer such an agreement from the memorandum upon the mortgage is a distortion of language, and a violation of all rules of construction.   Chitty on Con. 79 ; *Parkhurst v. Smith*, Willes, 322; Parsons on Con. 6 ; MARSHALL, C. J., in 5 Wheaton, 95. The memorandum on the mortgage is signed by *Brockway*, but, to be binding upon the plaintiff, should at least have been signed by Cram, the party to be charged.   *Clason v. Shepherd*, 6 Wis. 369.

*Montgomery & Wing*, for respondent.

COLE, J.   The court found that it was the intention of the parties, at the time of the transfer from *Brockway* to Cram of the three notes of one thousand dollars each, not to tranfer any interest in the mortgage described in the complaint, and which was given as collateral security for the notes.   That it was competent for the parties so to transfer those notes, and agree at the time that the indorsee should not be entitled to the benefit of the mortgage, cannot well be denied.   The question is: Does the evidence show that they did so ?   We agree with the finding of the court below upon this point, that the evidence shows that it was the intention and understanding of

the parties, at the time the notes were transferred, not to transfer any interest in the mortgage. And this, we think, appears from the written evidence ·in the case. At the time these notes were transferred to Cram, the agent of the plaintiff, Cram, made a memorandum on the notes given up by him to *Brockway*, to the effect that the notes surrendered were paid in full by exchange for Ledyard, Farnam & Co.'s notes for the same amount, with *E. L. Brockway's* indorsements. And *Brockway* wrote, in substance, upon the mortgage, that the first three notes mentioned therein were paid in full. Now, construing these memoranda together, as it is very evident we must do, since they are parts of the same transaction, what do they show? Certainly, that the mortgage was satisfied and discharged, so far as the first three notes were concerned. Some criticism is made upon the language used in this writing upon the mortgage: "Received pay in full on the three notes," etc. Confessedly, it is said, the notes were not paid, and the memorandum to that effect was untrue. But the manifest object of making this memorandum or indorsement upon the mortgage was, to show that the mortgage was paid and discharged as to those notes. The language is apt and proper to effectuate this intention of the parties, and force should be given to it. It would surely be construing this language to mean a totally different thing from what is expressed by it, to say that it imports that the mortgage was not discharged as to these notes, but was a valid security for their payment.

But again it is asked, upon what principle this writing on the mortgage, made and signed by *Brockway*, can be evidence in his favor? Upon the very obvious principle that this indorsement was made at the time the notes were transferred — that it was a part of that transaction — made in the presence of Cram, the agent of the plaintiff, who knew what this writing was and assented to it. This is what the witness Lyon swears to ; and Foster testifies substantially to the same thing. If the

duly authorized agent of the plaintiff knew of this writing, and assented to it as containing the understanding of the parties in reference to the transfer of the notes, it seems to us very clear that it was competent evidence. It is utterly impossible to suppose that Cram would ever have assented to the memorandum on the mortgage, if he had understood or expected that the mortgage was to remain a security in the hands of *Brockway* for the payment of those notes. He must have understood that, so far as the three notes were concerned, the mortgage was paid and discharged.

*By the Court.*—The judgment of the circuit court is affirmed.