Cole, Ch. J.
The questions made on this appeal arise upon the instructions given and refused. At the instance of the plaintiff, the court instructed the jury: “ First, in order to entitle a party to recover damages for false and fraudulent representations in a sale, it is not necessary that the representations should be made at the time of the sale; they may have been before, provided they afforded a material inducement to the sale; ” “ second, if in the sale of the hogs false and fraudulent representations had been made to the plaintiff’s agent, and the plaintiff was ignorant of this at the time he received the hogs, then his acceptance of the hogs would not be a waiver of any damages he may have sustained in consequence of such representations.”
We see no valid objection to these instructions. The testimony tended to establish the hypotheses of fact upon which they are based.
It would serve no useful purpose to copy herein at length the other instructions given and refused. We may say, in answer to the objections made in argument, that it may be true, as a general proposition of law, that, if the purchaser of property, who relied upon the representations of the seller, shall receive and pay for it without objection, after he knows that the representations were false, he, would be estopped from afterward claiming damage for such false representations. But, if his contract was made through an agent, and the principal was ignorant of the false representations having been made, although he knew the facts showing them false, the rule would have no just application.
*496 Whether the means of knowledge within the reach of: plaintiff’s agent were such as to defeat the remedy for the false representations of the defendant, was a question of fact for the jury, under the law which was fairly for defendant, at least, given them by the court, to wit That, .if he knew, or had an opportunity to judge as to the truth or falsity of'the representations, the defendant .xould .not be liable.
The statute of frauds could have no bearing upon the case,, since the hogs were delivered and paid for under the contract.
It is true, as the court instructed, that no particular form of expression was necessary to constitute a warranty, nor was it necessary to use the word “ warrant.” So, as the court substantially instructed, a material representation, made and known to be false by the seller, and relied upon as true by the buyer to his prejudice, may amount to deceit. We have thus briefly passed upon all the points made by appellant, and finding no error in the record, the judgment is
Affirmed.