PERRY & TOWNSEND v. SAUNDERS.

**Principal and surety:** DISCHARGE OF SURETY. Where judgment was recovered against the principal and surety in a note, and subsequently an action was brought thereon and a new judgment obtained against the principal, and the action continued as to the surety, it was *held*, that the surety was not thereby discharged, even though the lien of the first judgment was, by the rendition of the second one, lost.

*Appeal from Monroe Circuit Court.*

WEDNESDAY, APRIL 30.

ON the 5th day of September, 1872, the plaintiffs filed their petition seeking to recover upon a judgment rendered in the Monroe circuit court, on the 8th day of February, 1871, against Henry Saunders and William E. Collins, as principals, and R. E. Saunders, as surety, for the sum of $1,073.38, and costs. This judgment was based upon a promissory note executed by the first named of the above parties, as principals, with R. E. Saunders, as surety.

On the 18th day of September, the defendant, R. E. Saunders, filed his answer denying all the allegations of the petition.

On the 26th day of September the cause was tried as to Henry Saunders and William E. Collins, and judgment was

rendered against them for the amount of the original judgment, interest and costs.

Thereupon, the defendant, R. E. Saunders, filed an amended answer admitting the recovery of a judgment against him as alleged in the petition, and setting forth, by way of defense, in substance, the following facts:

That the judgement was rendered upon a note on which he was surety only.

That at the time the note was executed and the judgment rendered Henry Saunders was the owner of fourteen town lots in the town of Albia, of the value of $2,000, upon which the judgment became a lien, subject to the lien of a prior judgment on which there was due about $1,000.

That after the rendition of the judgment sued on various judgments were recovered against Henry Saunders and William E. Collins, aggregating over $3,000 and costs. That plaintiffs caused execution to issue on the judgment now sued on, which was levied on the said lots of R. E. Saunders, and that said property did not sell for want of bidders.

That, by reason of the judgment taken against Henry Saunders and William E. Collins, plaintiffs have abandoned the levy of said execution and the lien thereof, and the other judgments rendered against said parties have become liens on said real estate prior to the lien of the judgment rendered Sept. 26, 1872. That Henry Saunders and William E. Collins are insolvent.

The court sustained a demurrer to this answer and rendered judgment against R. E. Saunders. He appeals.

*Yocum & Robb* for the appellant.

*Perry & Townsend* for the appellees.

DAY J. — Appellant presents for our consideration two questions. First: Was the lien of the first judgment of February term, 1871, extinguished by, or merged in, the new judgment rendered on the 26th September, 1872?

Second: If the lien of the first judgment was extinguished by the new judgment, is the surety, R. E. Saunders, thereby discharged?

We deem it necessary to consider only the last question presented. The right of plaintiff to sue upon the original judgment is not denied. On this point see *Simpson* v. *Cochran & Cherie*, 23 Iowa, 81. When appellant executed the note as the surety of his co-defendants, he impliedly agreed that plaintiffs might avail themselves of all the legal remedies to which the contract entitled them.

These remedies embrace the right to sue upon the note at any time within ten years from its maturity, and upon the judgment thus obtained within twenty years from its rendition.

The plaintiffs acquired these rights in virtue of the defendant's contract. Whatever consequences flow to defendant from an exercise of these rights, result from an obligation voluntarily assumed on his part. Of these consequences he has no legal ground of complaint. When he signed the note he knew what remedies the law provided. By signing it he agreed that those remedies might be used against him. If the exercise of these rights has placed him in a condition in which he may suffer loss, it is his fault, and not plaintiff's. He agreed that the note should be paid at maturity. He has violated this agreement. After judgment was recovered it was his duty to discharge it. This he has not done. He might have guarded against the loss of the lien of the first judgment by paying it, and becoming subrogated to the plaintiff's rights under it.

The defense is anomalous. The original answer is a *denial* of every allegation of the petition. Having interposed this defense the defendant stands by until plaintiff's having taken judgment against his co-defendants. Then he amends his answer, *admits* all the allegations of the petition, and says " you have discharged me by taking judgment against my co-defendants." If judgment had been taken against appellant at the time it was rendered against the other defendants, the defense now urged could not have been interposed. And yet

if judgment had been so taken, his position, as to lien, would have been precisely as now. He sustained no prejudice then by the rendition of a separate judgment against his co-defendants. And if he sustained no prejudice by such judgment, there is no reason why he should now be in a different position from that which he would have occupied if judgment had been rendered against all the defendants at the same time.

We are clearly of opinion that, whatever was the effect of securing the second judgment, the defendant is not released from responsibility.

Affirmed.