## HIGH v. BROWN ET AL.

1. **Mortgage:** SALE OF CHATTEL. G. mortgaged three horses, a wagon and a threshing machine to B.; he subsequently sold one of the horses to H., who had no actual notice of the mortgage. B. caused the horse to be seized and advertised for sale under the mortgage, but the sale was enjoined at the instance of H. G. subsequently disappeared with all of the mortgaged property except the machine. *Held:*

    1. That B. was properly required to exhaust the other property before resorting to the horse sold to H.

    2. That he could not be compelled to foreclose the mortgage before maturity.

    3. That before the mortgagee could be charged with laches by H., it was incumbent upon the latter to show that the property would have been sufficient to satisfy the mortgage without the sale of the horse he had purchased from G.

*Appeal from Black Hawk District Court.*

THURSDAY, JUNE 14.

DEFENDANT, George Griswold, was the owner of one threshing machine, three horses and a wagon. On the 4th day of August, 1868, he made a chattel mortgage on said property to the defendant, Brayley, to secure $595, with interest at ten per cent per annum. Said mortgage was duly recorded.

On the 12th day of July, 1869, plaintiff exchanged some property with Griswold for one of said horses, without any knowledge that the same was mortgaged. After the exchange of the property plaintiff and Griswold had a misunderstanding about their trade, which resulted in a suit as to the ownership of the horse, as between them. Pending that suit, which finally resulted favorably to plaintiff, Brayley caused the horse in question to be seized upon the mortgage, and advertised for sale. On the 26th day of August, 1869, plaintiff commenced this action in equity to enjoin the sale of the horse, alleging that there was but $195 owing on said mortgage, which was then not yet due; that the other mortgaged property should first be exhausted before resorting to a sale of the horse, which

was innocently purchased by plaintiff; that said other prop-
erty was then in the hands of said Griswold.  The petition
prayed that defendants be restrained from selling the said
horse until the other mortgaged property should be subjected
to the payment of the mortgage debt, and that said Brayley
be ordered to subject such remaining property to the payment
of the mortgage.  A temporary injunction was granted in
accordance with the prayer of the petition.  Upon the service
of the writ of injunction Brayley delivered the horse in ques-
tion to Griswold.  Pending the action Griswold ran away, and
left behind him none of the mortgaged property excepting the
threshing machine.  This was seized by Brayley and sold for
$100, or $120, which was applied on the mortgage.

There was an amendment to the petition, averring that since
the commencement of this suit the mortgage has been fully
paid in money, and by foreclosure and sale of mortgaged
property other than the horse in question.  There was a sec-
ond amendment to the petition, averring that the defendants,
by their laches and negligence, allowed Griswold to escape
with all the property mentioned in said mortgage, except said
threshing machine, which property, with payments made, was
more than sufficient to pay said mortgage without the sale of
the horse in question.

The answer denies that the mortgage in question has been
paid; denies that Griswold was the owner of the horse in
question at the time of the alleged sale by him to plaintiff,
but avers that Brayley was owner thereof by virtue of said
chattel mortgage, and that there is still due on said mortgage
a sum greater than the value of said horse and there is no
other property out of which the same can be made.

There was trial by the court and a judgment for plaintiff
for the return of the horse to plaintiff in ten days, or in de-
fault thereof that plaintiff have judgment for $200.  Defend-
ants appeal.

*Boies & Couch*, for appellant.

*Miller & Preston*, for appellee.

· ROTHROCK, J.—The proper order was made in the court below for a trial upon written evidence. It was so tried. The action, being in equity, is therefore here for trial anew, on the evidence.

There is no question made as to the consideration given by defendant, Brayley, for the mortgage. It is conceded in the petition that the mortgage was given to secure $595, advanced by Brayley to Griswold. The plaintiff insists that inasmuch as he purchased the horse without any actual notice of the mortgage, Brayley should be required to exhaust the other mortgaged property before resorting to the horse in question. The court below so .ordered, when the sale of the horse was enjoined, and we think this was correct. We think, however, as the mortgage debt was not then all due the court could not compel Brayley to foreclose his mortgage at that time. At least no such relief was asked, nor was such order made.

1. MORTGAGE: sale of chattel.

The title ·to all of the mortgaged property was in Brayley, subject to be divested upon payment of the debt secured by the mortgage. The injunction prohibiting the sale of the horse in question until the other property should be subjected to the payment of .the mortgage, being in full force when· Griswold escaped with all the property but the threshing machine, we are required to determine whether Brayley is liable to the plaintiff for the value of the horse, because he neglected to foreclose for such an unreasonable time as to allow. the property to be lost to both plaintiff and himself.

We think it is not sufficient to show merely that there was laches in the foreclosure. It must further be˙shown that plaintiff has been injured by reason of such delay. The burden is upon plaintiff to show that if, before Griswold escaped with the property, Brayley had seized it and foreclosed, there would have been sufficient to have paid the mortgage debt, interest, and costs of foreclosure, without selling the horse in question. The evidence fails to show any such state of facts. There is no evidence whatever to show the value of the property other than the horse in question, excepting that the proceeds of the sale of the machine was $100 or $120. It is

not shown how much of the mortgage debt was unpaid. Plaintiff alleges that it was all paid by the sale of the machine. This is denied. The only evidence upon that branch of the case shows that there was quite a large balance unpaid after the sale of the machine, some $200 and interest. Whether the other horses and the wagon included in the mortgage were sufficient in value to pay such balance we can form no opinion from the evidence. For aught that appears the horses and wagon may not have been worth $25 each.

The plaintiff testified that Griswold told him that $195′was all that was due on the mortgage. It will scarcely be claimed that such statement was competent evidence in an action between these parties.

REVERSED.