FELIX ROGIS, *vs.* JOSEPH BARNATOWICH *et al.*

MARCH 9, 1914.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, J.J.

(1)   *Mortgages.   Bona Fide Holders.*

The X Company executed a mortgage for $500, to Z, containing the provision that "this conveyance is made subject to a prior mortgage of $4,000 given by this grantor to A and B." The mortgage to Z was dated and acknowledged October 21, 1908, and recorded January 21, 1911. At the time of its execution there was no other mortgage on the property, but later a mortgage for $3,500 was negotiated, covering not only the property of the X Company, but also that of A and B, individually, and the proceeds were applied to the property of the X Company. None of the proceeds were received by either A or B. This mortgage was made to P and later assigned to R, and was made and recorded prior to the recording of the $500 mortgage. Subsequently, the $3,500 mortgage was assigned to B's brother and A's wife, and such assignees discharged from its operation the individual property of A and B, without consideration from them. On bill to foreclose the $500 mortgage and to restrain the foreclosure of the other.

*Held,* that the fact that the last assignees of the $3,500 mortgage acquired it from a *bona fide* holder without notice was not sufficient to make them *bona fide* holders, but as they had knowledge of the $500 mortgage and of the conditions under which it had been obtained, they occupied no better position than their assignor would have had with like notice.

(2)   *Marshalling of Securities.   Bona Fide Holders.*

*Held,* further, that under the rule as to the marshalling of securities, the fact that the present assignees of the $3,500 mortgage had released the property of A and B would not defeat the prior security of complainant under his mortgage.

*Held,* further, that under the rule that a title could not be conveyed free from prior equities back to a former owner who was charged with notice, con-

sidering the relationship between the present assignees and A and B, two of the original mortgagors, and their failure to rebut the natural inference of knowledge of the $500 mortgage, they could not be regarded as *bona fide* holders without notice.

BILL IN EQUITY. Heard on appeal of respondents and dismissed.

VINCENT, J. This is a bill in equity brought against Lietuviska Parapia Po Vardu Wisu Swenta, a corporation under the laws of Rhode Island, John Stanelun, Annie Stanelun, Joseph Barnatowich, Eva Barnatowich and Dominic Barnatowich to foreclose a certain mortgage for $500 given by the above first named respondent to William Swietlowich, the assignor of the complainant Rogis, and also to restrain the said respondents from foreclosing a mortgage of $3,500.

The said respondent corporation is a Lithuanian Church Corporation having a house of worship on River Avenue, in the City of Providence. In the fall of 1898, this church corporation, then recently organized, was contemplating the erection of a church edifice. Sometime in the month of October of that year, a meeting of the prominent parishioners of the church was held at the office of the priest or pastor for the purpose of devising means for raising the funds which would be required in the erection of the church building. At this meeting Father Mickiewitcz, the parish priest, William Swietlowich, and the respondents, Joseph Barnatowich and John Stanelun, were present. This meeting not having been productive of any satisfactory result, the same parties met again on the following day at the office of James A. Williams, Esq. At this second meeting in the office of Mr. Williams, the church corporation executed a mortgage for $500 to Swietlowich, and Swietlowich paid over that sum to the church corporation. The mortgage referred to contained the following provision: "This conveyance is made subject to a prior mortgage of $4,000 given by this grantor to John Stanelun and Joseph Barna-

towich." This $500 mortgage is dated and was acknowledged October 21, 1908, and was recorded January 21, 1911.

At the time that the $500 mortgage was executed there was no mortgage for $4,000 upon the church property, nor has any such mortgage since been placed thereon. After the execution of said $500 mortgage, some effort appears to have been made, on the part of the church corporation, to negotiate a mortgage upon the church property for the sum of $3,500, such efforts proving unsuccessful for the reason that investors were not satisfied with the security. In this emergency a plan was formulated for raising the sum of money desired by negotiating a mortgage which should include and cover not only the church property, but the individual property and estates of Stanelun and Barnatowich. Such a mortgage was negotiated and the proceeds thereof were applied to the building of the church. None of the proceeds of this mortgage were received or appropriated by either Stanelun or Barnatowich. This $3,500 mortgage was made to Abraham T. Petow, and was later, on February 24, 1910, assigned by Petow to William R. Randall, such transfer being recorded on the same day.

On February 23, 1912, Randall assigned said $3,500 mortgage to Dominic Barnatowich and Annie Stanelun, they being respectively the brother and wife of Joseph Barnatowich and John Stanelun whose property had been included and covered by the church mortgage. It will be observed from these dates that the mortgage to Petow and the subsequent transfer to Randall were both executed and recorded prior to the recording of the $500 mortgage.

Later, the holders by assignment of the $3,500 mortgage, Dominic Barnatowich and Annie Stanelun, released and discharged from the operation thereof the individual property of Stanelun and Barnatowich which was included therein. This release and discharge was made by the holders of the mortgage without consideration, that is to say, such release and discharge was effected without the payment to the holders of the mortgage of any part of the sum secured thereby.

(2)    The holders of the $3,500 mortgage, claiming that they are *bona fide* holders for value, assert their right to foreclose their mortgage as a first mortgage upon the church property alone, leaving the complainant to satisfy his mortgage for $500 from the balance, if any, which might be left. We do not think that in equity they can be allowed to do this. If it be conceded that Randall was a *bona fide* holder for value and without notice of the complainant's mortgage, that fact would not necessarily be sufficient to also make Dominic Barnatowich and Annie Stanelun, the brother and sister, respectively, of Joseph Barnatowich and John Stanelun, *bona fide* holders without notice simply because they are the assignees of a *bona fide* holder without notice. It is not claimed that these respondents, Dominic Barnatowich and Annie Stanelun were ignorant of the existence of the $500 mortgage, or that they were uninformed as to the conditions under which such last named mortgage had been obtained. Under these circumstances Dominic Barnatowich and Annie Stanelun, can have no better position than their assignor would have had with like notice. *The Bergen Savings Bank* v. *Barrows et al.*, 30 N. J. Eq. 89.

It is a well established rule of equity that where a mortgagee holds a prior mortgage on two parcels of land and a subsequent mortgagee holds another mortgage on but one of such parcels, the former mortgagee must first seek satisfaction from the property which the latter cannot touch. This is the doctrine known as the "marshaling of securities." *Shewmaker* v. *Yankey*, 66 S. W. 1, 2, 23 Ky. L. Rep. 1759; *Ingalls & Stockman* v. *Morgan, Ex'x*, 10 N. Y. 178; Pomeroy's Eq. Juris. 3rd Ed., § 1414. The fact that the present assignees of the $3,500 mortgage may have seen fit to release the property of the brother and husband which was originally included in the church mortgage will not serve them to defeat the security of the complainant. Should these assignees be permitted to do this and to look to the church property alone for the payment of their mortgage, it would operate as a fraud upon this complainant and

might result in the total loss of his security. *Jordan* v. *Hamilton County Bank*, 11 Neb. 499. There seems to be no question but that the property of Stanelun and Barnatowich originally included in the mortgage was of sufficient value to satisfy the $3,500 mortgage, while it is not clear but, on the contrary, doubtful if the church property alone would be sufficient to satisfy both mortgages.

The respondents claim that they as assignees succeeded to the rights to which Randall would have been entitled had he retained the mortgage. In support of this position the respondents refer to the case of *Coombs* v. *Aborn*, 29 R. I. 40, in which our court, quoting from Pomeroy's Equity, said, "There are two special rules on the subject which have been settled since an early day. . . . The first is that if a second purchaser for value and without notice purchases from a first purchaser who is charged with notice, he thereby becomes a *bona fide* purchaser, and is entitled to protection." To the rule thus cited by our court from Pomeroy there is the exception that a title cannot be conveyed free from prior equities back to a former owner who is charged with notice. Pomeroy's Eq. Juris. 3rd Ed., § 754. Considering the relationship between the present assignees and Joseph Barnatowich and John Stanelun, two of the original mortgagors, and their failure to rebut the natural inference of knowledge as to the $500 mortgage, we think the exception to the rule, as before stated, applies to the present case and that the present holders of the $3,500 mortgage cannot be regarded as *bona fide* holders without notice.

For these reasons we think that the complainant is entitled to first satisfy his $500 mortgage from the church property.

The appeal of the respondents is dismissed, the decree of the Superior Court is affirmed, and the cause is remanded to said court for further proceedings.

*James W. Murdock, James A. Williams*, for complainant.
*McGovern and Slattery*, for respondents.