Martin Newcomer, Appellee, v. M. C. Novak, Appellant, et al., Appellees.

**ELECTION OF REMEDIES:** Special Lien Abandoned by Execution Levy. Special claims, or rights in and to personal property by virtue of a mortgage or conditional sale, are wholly waived by

obtaining personal judgment against the debtor *and seizing the property under execution levy.*

*Appeal from Jones District Court.*—F. F. DAWLEY, Judge.

DECEMBER 16, 1919.

REHEARING DENIED MARCH 12, 1920.

ACTION in equity to foreclose a trust deed, executed April 21, 1913, and duly recorded, April 29, 1913, securing an issue of $25,000 of bonds of J. A. Green & Sons, a corporation. The appellant, Novak, one of the defendants, answered, claiming a superior lien upon a steam shovel and some dump cars owned by the corporation Green & Sons, which last-mentioned property was included in the trust deed. Claim was that said property was sold and delivered to defendants Green & Sons under a sale contract, providing that the title to the property should remain in the seller until the notes were paid, and that the notes given therefor should be secured by a mortgage on the property; and further, that it was the intent of the parties to said sale contract to retain in the seller a lien on said property until the purchase price was paid, even if title passed to said purchaser. The contract provided that, on breach of the contract, the seller may sue for and recover the amount due on the notes. Novak further alleged that the seller had transferred all rights in the contract and property to him. The answer by Novak further alleged that he had brought action on the notes given for the purchase price, against Green & Sons, and recovered judgment thereon, February 2, 1915; that no part of the judgment has been satisfied; that execution was issued under said judgment, and levy made on the shovel and cars and other property of Green & Sons, but no sale was made or advertised under said levy, because Novak relied on the promise of Green & Sons that, if permitted to retain the property to do its work, it would

make payment of the judgment from its income; that the judgment was obtained in Linn County, and afterwards a transcript thereof was filed in the office of the clerk in Jones County; that, at the time the action on the notes was commenced by Novak, and judgment taken and levy made, Green & Sons, a corporation, was insolvent, but this fact was unknown to Novak or to the party who sold the claim to him. It does not appear that the contract was recorded, and it is not claimed that plaintiff had any notice, actual or constructive, of the provisions of the contract. All the property was sold at execution under plaintiff's judgment for $2,000 less than the judgment. Plaintiff's demurrer to the answer was sustained. Defendant Novak refusing to plead further, default judgment and decree were rendered against him, the court holding that the plaintiff's lien was superior to any claim on the part of said defendant Novak. The ground of the ruling, as we understand it, was that Novak had waived any alleged lien he might have by virtue of the sale contract, by taking a personal judgment against the corporation, Green & Sons, and levying on the property under execution, and had elected to treat the sale of the property as absolute, and as an abandonment of any claim under the contract. The defendant Novak appeals.—*Affirmed.*

*E. A. Fordyce,* for appellant.

*Deacon, Good, Sargent & Spangler,* for appellees.

PRESTON, J.—One of appellant's contentions is that his contract is a mortgage, and not a conditional sale, and that Section 2905 of the Code does not apply. If it is a mortgage, plaintiff had no notice of it. A similar contract has been held to be a conditional sale. Among the cases so holding is *Richards v. Schreiber,* infra, at page 433. Appellee argues that whether the contract was a conditional sale con-

tract or a chattel mortgage is immaterial, for that Novak did not claim the property under either a conditional sale contract or a chattel mortgage, but obtained a general judgment against the defendant corporation, and caused a general execution to be levied upon its property. In the *Elevator Co.* case, infra, at 726, we said:

"A party holding personal property by virtue of a mortgage or pledge may waive his claim under the mortgage or pledge, and attach the property in a suit to recover the debt for which the mortgage or pledge was given. Such an attachment is, in itself, a waiver of the claim under the mortgage or pledge. The lien created by the latter is essentially different from that created by the attachment, and the two cannot exist at the same time."

We deem it unnecessary to discuss the point as to whether the instrument was mortgage or conditional sale contract, for the reason that we think appellant waived whatever lien or claim of title he might have had, as between the seller and purchaser. Appellee's contention is that, where the seller of property brings suit upon a note evidencing the purchase price of the property, or a part thereof, and obtains judgment thereon and levies an execution upon the property as the property of the buyer, it is an election on the part of the seller to treat the sale of the property as absolute, and as an abandonment of any lien thereon. On this they cite *Richards v. Schreiber*, 98 Iowa 422, 433; *Kearney Mill. & Elev. Co. v. Union P. R. Co.*, 97 Iowa 719, 723; *Whitney v. Abbott*, 191 Mass. 59 (77 N. E. 524); 35 Cyc. 673. In the *Richards* case, supra, under a similar contract and situation as here presented, the court said:

"A further objection to a recovery of this property by the Staver & Abbott Manufacturing Company, of which other creditors may avail themselves, is the fact that, at the October term, 1893, of the Calhoun County district court,

that company brought an action for the recovery of the price of the property, aided by attachment. The petition in that action averred that Ehrlich and Eadie   *   *   * owed the plaintiff about $4,000 for goods sold. The writ of attachment was levied on real estate of Ehrlich, and Richards was garnished under it.   *   *   * The suit and proceedings thereunder were an unequivocal election by it to waive any right it may have had to recover the property as its owner, and to treat it as sold absolutely to Ehrlich."

In the *Elevator* case, supra, we said, quoting from *Thompson v. Howard*, 31 Mich. 309, 312:

" 'A man may not take two contradictory positions; and, where he has the right to choose one of two modes of redress, and the two are so inconsistent that the assertion of one involves the negation or repudiation of the other, his deliberate and settled choice of one, with knowledge, or means of knowledge, of such facts as would authorize a resort to each, will preclude him thereafter from going back and electing again.'   *   *   * 'The election, if made with knowledge of the facts, is in itself binding. It cannot be withdrawn, though it has not been acted upon by another by any change of position.' "

We think these cases are in point. Appellant says further that judicial proceedings not prosecuted to final results, but abandoned, will not constitute an election. We do not understand the record in the instant case to show that there was any abandonment by Novak. He prosecuted his case to judgment, and levied upon the property. The record does not show that the levy was abandoned, but that he permitted Green & Sons to use the property, under the promise to pay the claim. Appellant cites *Buffalo C. L. & I. Co. v. Swigart*, 176 Iowa 422, 428. In that case, the plaintiff first filed a petition asking the foreclosure of a mortgage for principal, interest, and taxes paid. On demurrer, the petition was held bad. Then plaintiff filed a substituted petition, in

which he did not ask the foreclosure of the principal. Later, he filed a second amended or substituted petition, asking foreclosure for principal, interest, etc. *Held* that the first petition was not a waiver of a right to file the second, and was not an election to proceed solely for the items other than the principal. The court said that there was but one ultimate claim in the case, and but one judgment, and no waiver of whatever remedies plaintiff was entitled to under the pleadings and the testimony adduced in support thereof.

We think the trial court properly sustained the demurrer, and the judgment is, therefore,—*Affirmed.*

Ladd, C. J., Evans and Salinger, JJ., concur.

### Supplemental Opinion.

Per Curiam.—On rehearing, our attention is called to *Stein v. McAuley,* 147 Iowa 630. That case does not refer to prior Iowa cases apparently in conflict. We do not, at this time, approve or disapprove of the *Stein* case. That case is distinguished on the ground that, in the instant case, there was a conditional sale. Petition for rehearing is overruled.