L. S. HAMILTON et al., Appellees, v. E. E. HENDERSON et al., Appellees; ALICE FALCON, Appellant.

No. 40276.

30

April 14, 1930.

Rehearing Denied October 23, 1930.

*Ring & Hann,* for appellant.

*W. C. Boland,* for E. E. Henderson, appellee.

*Ring & Hann,* for P. G. Henderson, appellee.

*Deacon, Sargent, Spangler & Hutchison,* for plaintiffs, appellees.

STEVENS, J.—The controversy in this case is between the holders of chattel mortgages upon the same property. The mortgage now held by appellee was executed on August 25, 1925, by E. E. Henderson to the State Bank of Central City, and was later transferred to, and is now held by, appellees, as trustees for the said bank. The other mortgage was executed April 11, 1928, by the said Henderson, to secure the payment of certain notes payable to one P. G. Henderson. These notes and the mortgage are now the property of the cross-petitioner, appellant herein.

On November 28, 1928, appellees, in an action at law, secured personal judgment in Linn County against the maker of the notes held by them, in the sum of $4,632.89. This judgment has since been somewhat reduced. On May 4, 1929, this action was commenced by appellees to enforce the lien of the chattel mortgage executed to the Central State Bank on the mortgaged chattels, and for the satisfaction of the balance due on the said judgment. Alice Falcon, cross-petitioner, who was made defendant in the action, appeared, and filed answer and cross-petition. In her answer she admitted certain material allegations of the petition, pleaded want of knowledge sufficient to

form a belief as to others, and affirmatively alleged that the lien of appellees' mortgage was fully waived and extinguished by the acts of appellees in procuring judgment at law on the note, and by other acts and conduct, and that they are now estopped to claim their former lien. In her cross-petition, she set up the notes and mortgage held by her, asking judgment for the amount due thereon and for the foreclosure of the said mortgage. In her prayer, she prayed that the lien of the mortgage of appellees, if any, be decreed to be junior and inferior to the lien of her mortgage, and that her lien upon the property be fully established, and that a special execution issue. The court found in favor of appellees, and dismissed the cross-petition.

First, it is contended by appellant that the election of appellees to procure judgment at law on the notes, without mention of the chattel mortgage held by them, constituted a waiver of all rights under the mortgage, and that the judgment therein rendered is *res adjudicata* of all issues that were, or might have been, litigated therein. In so far as the judgment entered upon the notes is concerned, it did adjudicate all issues touching the debt, and is a complete bar to any subsequent action thereon. This rule is too well established in this state to require the citation of authorities, but this conclusion by no means disposes of appellant's contention.

The judgment was obtained in Linn County, and this action in equity was commenced and prosecuted to judgment in that county. The further question is: Did appellees, by obtaining judgment on the notes in an action at law, waive the lien of the chattel mortgage held by them, or is the judgment rendered in the action at law an adjudication and bar of any right of appellees' to now, in an action in equity, seek the enforcement of their chattel mortgage lien upon the property covered thereby? The question is not an open one in this state, but has been settled by many decisions of this court, as the following citations will show: *State for use of School Fund v. Lake,* 17 Iowa 215; *Potter v. Harvey,* 30 Iowa 502; *Morrison v. Morrison,* 38 Iowa 73; *Matthews v. Davis,* 61 Iowa 225; *Freeburg v. Eksell,* 123 Iowa 464; *Gilman v. Heitman,* 137 Iowa 336; *Equitable Life Ins. Co. v. Rood,* 205 Iowa 1273; Herman on Chattel Mortgages, Section 207.

The question before us was specifically involved in each of the cases cited, except the *Rood* case. The lien of the mortgage

was created by an independent contract, executed prior to the rendition of judgment. This lien in no manner depended upon the judgment for its existence. As was said by this court in *Hendershott v. Ping*, 24 Iowa 134:

"The judgment did not merge the lien of the mortgage, but was simply a means of effectuating and enforcing that lien."

Attention is called particularly to Section 12375 of the Code, 1927. This statute relates to the prosecution of separate actions at the same time in the same county, one at law upon the debt, and the other to foreclose a mortgage given to secure the payment thereof. This statute substantially in its present form has appeared in all of the Codes that have ever existed in this state. It has never, however, been construed so as to prevent the holder of a mortgage from suing at law upon notes held by him and secured by such mortgage and subsequently prosecuting an action in the same county in equity for the purpose of enforcing the lien of the mortgage. On the contrary, we have repeatedly held against the contention of appellant at this point, but without direct reference to the statute. It is too late, and the doctrine of these cases has been too long acquiesced in, to justify such modification or reversal as would be necessary to sustain appellant's proposition. This statute is quoted and specifically referred to in *State Sav. Bank v. Miller*, 146 Iowa 83, and *Schnueltgen v. Mathewson*, 207 Iowa 294, and perhaps in other cases. No construction was placed upon it which can in any way affect the questions now before us in either of the cited cases. Appellant relies upon some language in the *Mathewson* case to sustain his point. It is there said that:

"To give full effect to this statute, it is quite possible that we should have to hold that a decree in either of such suits would determine both."

None of the cases referred to in this opinion are cited in the *Mathewson* case. The language above quoted went no further than to reserve the question for future decision. The action in the *Mathewson* case is not like the one at bar. Attention is therein called to *Kenyon v. Wilson*, 78 Iowa 408, in which we held that a mortgagee who has foreclosed his mortgage by good personal service may not afterwards maintain a separate action

upon the debt. No case, however, may be found in the decisions of this state wherein it is held that the prosecution of an action at law on the debt to judgment merges the lien of the mortgage in such judgment, or that it operates as an adjudication so as to prevent the enforcement of the mortgage lien in a proper action in equity. Appellees did not prosecute two actions in the same county at the same time, one at law on the notes, and another in equity, to foreclose the lien of their chattel mortgage. Appellees were, therefore, never put to an election. The two actions, one at law upon the notes, and the other in equity, to foreclose the mortgage, were commenced and prosecuted successively, and not simultaneously.

Some reliance is placed by counsel for appellant upon our holding in *Newcomer v. Novak*, 188 Iowa 646. The case is not in point. The plaintiff in the *Novak* case exhausted the property on which he had a lien, by the levy and sale thereof on general execution. The point is made in argument by counsel for appellant that a general execution was issued on the judgment below and notice of garnishment served upon a supposed debtor of the mortgagor's, while, at the same time, the items of indebtedness due the mortgagor were, in fact, included in, and covered by, the mortgage. The record, which we have carefully examined, does not show that this is true. It is conceded that no general execution has been levied upon any of the mortgaged property. All of the questions presented in argument by appellant are fully settled by our prior decisions. Appellee had a right to obtain judgment on the notes in an action at law and to proceed subsequently in an action in equity to establish the lien of his mortgage, and to enforce the same against the mortgaged chattels. The decree below is right, and it is, accordingly, affirmed.—*Affirmed.*

MORLING, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.