IOWA TITLE & LOAN COMPANY, Trustee, et al., Appellees, v. CLARK BROS. et al., Appellants.

No. 40922.

JUNE 20, 1931.

ORDER CORRECTING OPINION JANUARY 11, 1932.

Miller & Everett and D. N. Clark, for appellants.

D. M. Anderson, for appellees.

MORLING, J.—On February 1, 1918, Clark Brothers executed to Iowa Title & Loan Company a number of promissory notes ranging in amounts from $500 to $2,000 each, aggregating $10,000, and to secure them executed the mortgage in suit, containing the following provision:

"The lien of each note to be of equal grade and neither inferior to the other, no act of the holder of any one of said notes to change such relation and any foreclosure to be for the benefit of the holders of all the notes then outstanding and to provide for a pro rata distribution of the proceeds of sale thereunder, upon all unpaid notes, whether the holders thereof be parties to the suit or not."

The mortgaged premises were later sold to Dunkin, who assumed the mortgage debt and made an agreement with the Iowa Title & Loan Company for an extension, the effect of which was litigated in former actions which came to this Court under the titles Iowa Title & Loan Company v. Clark Brothers, 209 Iowa

169; Koontz v. Clark Brothers, 209 Iowa 62. The Iowa Title & Loan Company retained for themselves notes to the amount of $1500, sold notes to Mrs. Koontz to the amount of $2500, to Mrs. Heffron to the amount of $4,000, and to C. J. Cash to the amount of $2,000. The latter have been transmitted to Mrs. Cash. The Iowa Title & Loan Company retained possession of the notes for the purpose of collecting and distributing the interest, and was the trustee of Mrs. Heffron and Mrs. Cash for the purpose of suing on the notes sold to them and of foreclosing the mortgage and protecting their interests. Actions at law were brought by Iowa Title & Loan Company and Mrs. Koontz on the notes owned by them respectively, and judgments recovered. (See cases above cited.) These judgments became a lien upon three city lots owned by the judgment debtors. Interveners, Alfred B. Clark, Dwight D. Clark, and J. Russell Clark became creditors of Clark Brothers to the amount of $12,153.71, for which amount Clark Brothers gave to interveners their note and conveyed to interveners the three lots, under agreement between Clark Brothers and interveners, which recited that there were judgments of record ''which constituted a general lien upon the said lots, which judgments were secured'' by the mortgage here in question, ''which mortgage contains a provision for pro-rata distribution upon foreclosure upon all of the notes secured thereby, including the notes upon which the said judgments were obtained.'' The agreement between Clark Brothers and interveners further recited that if such pro-rata distribution did not pay off the judgments in full Clark Brothers still owed interveners the difference between the judgments and the pro-rata distribution. Iowa Title & Loan Company held other claims against Clark Brothers, including claims secured by mortgage on other land. On August 27, 1930, Iowa Title & Loan Company as trustee for Mrs. Heffron and Mrs. Cash brought this suit to recover on the notes $6,000 owned by Mrs. Heffron and Mrs. Cash and to foreclose the mortgage therefor. On September 3, 1930, Iowa Title & Loan Company procured issuance of executions on the judgments against Clark Brothers held by itself and by Mrs. Koontz. On October 6, 1930, petition of intervention in this suit was filed, wherein interveners prayed that Mrs. Koontz and the Iowa Title & Loan Company be made parties to this foreclosure, and that they and the sheriff

be enjoined from selling the lots under the executions, and that the equities of the parties be determined. Iowa Title & Loan Company and Mrs. Koontz appeared and joined with plaintiff in the present suit, but did not set up the notes held by them and secured by the mortgage, or demand judgment upon such notes or foreclosure on account of them. They joined with plaintiff in answering the petition of intervention and in moving to dissolve the temporary injunction which had been obtained by interveners. On October 14, 1930, the court dissolved the temporary injunction, and the same day the three lots were sold for the full amount due on the judgments at law in favor of Iowa Title & Loan Company and Mrs. Koontz, and the executions returned satisfied. The evidence is that issuance of executions on the judgments was delayed because of negotiations, the nature of which does not appear. The evidence is that:

"Our executions were perfectly well secured, and there was no reason why we shouldn't delay if we wanted to, and there seemed to be some little reason why we might delay pending the maturity of the other loan, to see what arrangement they cared to make about that. Our judgments were well secured. They were a lien upon these lots."

The value of the mortgaged premises, or of the lots, is not shown. The financial condition of the judgment debtors does not further appear.

Appellants' argument states:

"From the decree and from the intermediate rulings and orders this appeal is taken, alleging as errors relied upon for reversal, that the court erred in dissolving the temporary injunction and ordering sale, in not holding that the notes, merged into judgment, were outstanding at the commencement of this foreclosure; that the judgment creditors should be required to accept pro-rata distribution, under foreclosure, before they could resort to the sale of lots levied upon; that the trustee, acting for all of the note holders, split the cause of action in foreclosure; that the mortgage cannot be foreclosed for a part only of the note holders; that the rights of the parties are fixed as of the date of the commencement of foreclosure and the petition of intervention, and cannot be terminated upon involuntary and subsequent proceedings; and that none of the note holders have

any priority under the mortgage, and the trustee cannot differentiate between the note holders and the mortgagors and their grantees, contrary to the stipulation of the mortgage.''

■ I. Appellants first argue that by the contract contained in the mortgage, ''each note represented a *pro tanto* interest in the mortgage, affording security for notes covered by it, entitling each of the note holders to pro-rata distribution upon the simultaneous maturity of the obligations;'' that ''the mortgage lien continued as security for these judgment creditors just as effectually and just as if the judgments had not been procured. * * * The obtaining of a judgment upon a note secured by a mortgage does not take the note out of the mortgage, and the mortgage lien continues until the debt is satisfied.'' They therefore argue that the Iowa Title & Loan Company in its individual capacity and Mrs. Koontz were necessary parties to the foreclosure. As has been shown, the company and Mrs. Koontz have joined with the plaintiff, are relying on and assert the payment of the notes held by them through the recovery and satisfaction of the judgments. Plaintiffs are not placing themselves in a position to split their suit to foreclose, as in Schnuettgen v. Mathewson, 207 Iowa 294. See Des Moines Savings Bank & Trust Company v. Littell, 209 Iowa 22. Obviously, appellants are not entitled to a reversal on their contention that the Iowa Title & Loan Company and Mrs. Koontz were not joined as parties or that there was any splitting of causes of action.

■ II. Appellants contend that by reason of the pro-rata provision in the mortgage, above quoted, the holders of the notes, including those upon which the judgments at law were rendered, should be compelled to accept pro-rata distribution of the proceeds of the foreclosure; that interveners, as subsequent purchasers of the lots, subject only to the general liens of the judgments, may require the Iowa Title & Loan Company and Mrs. Koontz to first exhaust the security of the mortgage before subjecting the lots to the payment of the judgments; that they, having a lien on two funds, may, in the interest of interveners, as a subsequent purchaser of one of the properties, be required to exhaust their mortgage security before resorting to the lots in which alone interveners are interested.

As between the holders of the notes and the mortgagors the holders of the notes might obtain judgment at law upon the notes

880

and enforce the judgment against property of the makers other than that mortgaged. Equitable Life Ins. Co. v. Rood, 205 Iowa 1273; Hamilton v. Henderson, 211 Iowa 29. The mortgagee might sell one or all the notes. The parties to the transfer might make their own terms with respect to their interests in the mortgage. Ralston v. Brockway, 23 Wis. 407. While contemporaneous agreements may be considered in arriving at the intention of the parties (8 C. J. 196), still each note constitutes a separate cause of action. Des Moines Savings Bank & Trust Co. v. Littell, 209 Iowa 22. Obviously, the owners of one or more of the notes might thus sue and recover at law, and later, if they chose, enforce the mortgage lien, while the holders of others might in the first instance seek their remedy by foreclosure. Their respective rights in the security would depend upon their own agreement.

■ The Iowa Title & Loan Company and Mrs. Koontz chose, as they had the right to do, to obtain personal judgment upon the notes held by them. These judgments became a lien upon the lots. The holders of the judgments were entitled to execution for the sale of the lots and the satisfaction of their judgments from the proceeds. Interveners acquired the lots with full knowledge of and subject to the judgments. The private agreement between the judgment defendants and the interveners, to which the holders of the mortgage or the notes secured by it were not parties, could in no wise impair the rights of the latter. The application of the doctrine of marshaling of assets is one purely of equitable cognizance, and is governed entirely by equitable principles. 38 C. J. 1366, 1367.

The burden is upon interveners to show the existence of equities which entitle them to the benefit of the doctrine; to show that the double fund is not adequate to satisfy the claims of both sets of creditors; to show that the holders of the notes secured by the mortgage can realize payment out of the mortgaged property, and that their remedy by foreclosure of the mortgage is as certain, prompt, and efficient as that through an execution sale of the lots. High v. Brown, 46 Iowa 259; 38 C. J. 1383.

In this case the judgments in favor of the Iowa Title & Loan Company and Mrs. Koontz were liens when interveners acquired the lots. The case is not one of an effort upon the part of the

creditor to subject property which has been sold by the judgment debtor when the creditor may resort to other property still owned by the debtor, as in Massie v. Wilson, 16 Iowa 390.

On the record before us the interveners are merely assignees of the interest of the mortgagors in the lots. When they purchased the lots, the lots were subject to the lien of the judgments. As to the lots, interveners stepped into the mortgagors' shoes. They have no greater rights in the lots than had the mortgagors. They have not shown the existence of equities superior to those of the holders of the notes given by the mortgagors to the Iowa Title & Loan Company. The mortgagee was entitled to the full benefit of its contract. The mortgagee and its assignees are entitled to the remedies which the law gives to the mortgagee for the enforcement of the mortgage contract. Perry v. Saunders, 36 Iowa 427. These remedies included the right to proceed for the collection of the notes by action at law or by suit in equity for foreclosure, or (though not concurrently) the right to proceed by both remedies. Equitable Life Insurance Co. v. Rood, 205 Iowa 1273; Hamilton v. Henderson, 211 Iowa 29. No reason or superior equity in the interveners appears by which any of the holders of the notes should be obstructed in any of their rights or remedies.—Affirmed.

FAVILLE, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.