## SWAN v. YAPLE *et al.*

1. Mortgage : NATURE OF : WHAT WILL OPERATE AS AN ASSIGNMENT OF. The execution of a deed by the assignee of a mortgage, to a third person, conveying all his "estate, title and interest" in the real estate mortgaged, will not operate as an assignment of the mortgage to his grantee.

2. —— The right of the mortgagee or his assignee is a mere chattel interest, inseparable from the debt it was given to secure, and will not pass by a mere conveyance of the land.

3. —— The mortgage continues to operate as a lien on the premises, so long as any portion of the debt it was given to secure remains unpaid.

*Appeal from Tama Circuit Court.*

MONDAY, OCTOBER 28.

THIS action is brought by the assignee of certain promissory notes secured by mortgage on real property for foreclosure.

The defendants answer that after the assignment of the notes to plaintiff he (plaintiff) executed and delivered to                    , a stranger to the mortgage, a deed conveying all of plaintiff's "*estate, title and interest*" in the real estate mortgaged.

A demurrer to this answer being sustained, defendants excepted and appeal.

·*W. H. McClure* for the appellant.

*C. B. Bradshaw* for the appellee.

MILLER, J. — I. The only question presented by the record and arguments is whether the alleged conveyance by the plaintiff operated as an assignment of the mortgage to his grantee.

This question must be answered in the negative. The answer does not deny that the plaintiff is the holder and

owner of the notes secured by the mortgage, or that they have not been paid. These facts, then, are to be taken as true. By the assignment of the notes to plaintiff, the mortgage as an incident to the debt passed to him also. *Crow, McCreary & Co.* v. *Vance,* 4 Iowa, 434, and cases cited; *Pope & Slocum* v. *Jacobus,* 10 id. 262; *Sangster* v. *Love,* 11 id. 580; *Bank of the State of Indiana* v. *Anderson,* 14 id. 544; *Bremer Co. Bank* v. *Eastman et al.,* 34 id. 392. The mortgage, however, conveyed to plaintiff no *interest or estate* in the land covered thereby. The right of the mortgagee or his assignee is a mere chattel interest, inseparable from the debt it was given to secure, a lien for the security of the debt; following the debt and ceasing when it is discharged. *Crow, McCreary & Co.* v. *Vance, supra,* and cases cited on page 441; *Newman* v. *De Lorimer,* 19 Iowa, 246.

A judgment against the plaintiff would have been no lien on his interest in the land held under the mortgage. *Blaney* v. *Hanks,* 14 Iowa, 400. And this would be so notwithstanding under the law judgments of the supreme and district courts are liens upon all interests in real estate, legal as well as equitable. Rev., §§ 4105, 4106; *Cook & Sargent* v. *Dillon,* 9 Iowa, 407. An equitable interest in real estate therefore may be sold on execution. *Crosby* v. *Elkader Lodge,* 16 id. 399. Now, if as against a mortgagee his interest as such in the mortgaged premises cannot be sold on execution, and a sale by the sheriff purporting to sell such interest would *pass* no interest in the land to the purchaser, or prejudice the lien or rights of the mortgagee thereunder, it would, on the same principle, seem that a conveyance by the mortgagee to a stranger of all the " estate, title and interest " in the mortgaged premises will pass no interest in the land to the purchaser, nor have the effect to assign the mortgage unless the language of the conveyance is such as will manifest such an intention. Even then an express assignment of the mortgage without

an assignment of the notes or debt secured by it is the mere transfer of a naked trust, and without meaning or use so far as relates to the debt. *Pope & Slocum* v. *Jacobus, supra.* The plaintiff being the owner and holder of the notes would, in case he had assigned the mortgage, remain the real party in interest, and his assignee would be a mere trustee, and an action to foreclose would be maintainable by him. Rev., § 2757. It is no defense to an action, by a party holding the legal title to the cause of action, to show that another is the party beneficially interested. *Cottle* v. *Cole & Cole*, 20 Iowa, on page 486. Nor will the fact that another person is the holder of the legal title constitute a defense in an action by the party holding the beneficial interest. *Rice* v. *Savery*, 22 id. 470. So that, even upon the theory of the appellant, that the conveyance by the plaintiff operated as an assignment of the mortgage, the facts alleged in the answer constituted no bar to plaintiff's right of action.

II. Again, it is well settled that a mortgage lien on real property continues and remains valid so long as any portion of the debt it was given to secure remains unpaid, notwithstanding the note evidencing the debt be taken up and a new one given, or even a new mortgage taken for the same debt and the prior one canceled unless a contrary intention appears, or the lien is expressly released. See *Port* v. *Robbins, ante,* 208, and cases cited. It is not pretended that any part of the debt in this case has been paid; indeed, it is not claimed that the deed of the plaintiff had the effect to release the lien. It is only insisted that such deed operated as an assignment of the mortgage. We have seen that it did not have that effect, and that if it did, that fact is no defense to the action. The demurrer, therefore, was properly sustained.

Affirmed.