MATTHEWS ET AL. v. DAVIS ET AL.

1. **Judgment**: ACTION ON UNDER THE STATUTE: WHAT IS NOT. Where a simple judgment is obtained upon a note secured by mortgage, and a subsequent action is brought to foreclose the mortgage for the payment of the judgment, such subsequent action is not an action upon a judgment, as contemplated by section 2521 of the Code, and may be begun at any time, at the option of the plaintiff.

2. **Merger**: OF MORTGAGE IN JUDGMENT. After a simple judgment has been taken by confession upon a note secured by mortgage, in which judgment the mortgage is recited, the mortgage is not merged in the judgment, and an action may afterwards be maintained to foreclose the mortgage. *Morrison v. Morrison*, 38 Iowa, 73, followed.

*Appeal from Floyd District Court.*

MONDAY, JUNE 11.

THIS is an action to foreclose a mortgage. There was a demurrer to the petition, which was overruled. The defendant failed to answer, and a decree was entered against them as prayed in the petition. Defendants appeal.

*Boulton & Boulton*, for appellants.

*Starr & Harrison*, for appellees.

Matthews v. Davis.

ROTHROCK, J.—I. It appears from the averments of the petition that on the fifteenth day of April, 1876, the defend-ants, Cynthia Davis and Edward Davis, executed and delivered to one Logan, the assignor of plaint-iffs, a promissory note for $1,000 and interest; and that, to secure the payment of said note, the said defend-ants executed and delivered to Logan a mortgage upon certain real estate. The note and mortgage were duly assigned by Logan to the plaintiffs, and on the fifteenth day of August, 1881, the said defendants confessed a judgment in the Floyd circuit court in favor of the plaintiffs for the amount of the note and the interest then due. The judgment recited that a mortgage was given to secure the payment of the note, and the mortgaged property was described therein. There was no order for a special execution or for the foreclosure of the mortgage, and there were no defendants to the judgment other than those above named. The petition herein makes other parties defendants, who, it is averred, claim an interest in the real estate, and demands judgment against Edward Davis and Cynthia Davis for $80 attorney's fees, as stipulated in the mortgage, and for the costs of the action, and prays a decree of foreclosure against all of the defendants for the amount of the judgment and interest thereon, and for said attorney's fees and costs. The mortgage provides "that, in the event of the filing of a bill for the foreclosure of the mortgage, $80 attorney's fees shall be by the court taxed," and that the mortgage shall stand as security therefor.

*1. JUDGMENT: action on un-der the stat-ute: what is not.*

Counsel for appellants claim that this is an action upon a judgment brought within fifteen years after the rendition thereof, and that it cannot be maintained under the statute. Code, § 2521. It appears to us that counsel's premises are not sound. This is not an action brought upon a judgment within the meaning of the statute. The plaintiffs ask no new judgment for the debt. They merely pray that this mort-gage may be foreclosed for the judgment already rendered,

and for judgment for the costs of the foreclosure, including attorney's fees.

II. It is further claimed that, as the plaintiffs elected to take a judgment for the debt, reciting the mortgage therein, **2. MERGER of mortgage in judgment.** their whole claim is merged in that judgment. This position does not appear to us to be tenable. As we have seen, the judgment was but a general judgment at law for the amount due on the note. Now it is sought to foreclose, not only the equity of redemption of the mortgagors, but the claims of other persons upon the land. The case of *Mayer v. Farmers' Bank*, 44 Iowa, 212, cited by counsel, is not in point. That case involved the rights of redemption from a sale upon a judgment rendered under section 3634 of the Revision of 1860, and besides, that section of the statute was not incorporated in the Code, and was, therefore, not in force when this mortgage was executed.

The case of *Morrison v. Morrison*, 38 Iowa, 73, is decisive of this case. It is there held that, after a general judgment upon a note secured by a mortgage, an action may be maintained to foreclose the mortgage, and that the mortgage is not merged in the judgment.

AFFIRMED.