MARY E. JAMES, Appellant, v. ADOLPH E. WEISMAN, EDWARD C. WEISMAN, GEORGE W. WEISMAN, CHARLES F. WEISMAN, MRS. E. O. TOWNSEND, MARY and ANNA NOELKE, IDA GRUPE (formerly WEISMAN) and BINA WEISMAN, Widow of ADOLPH WEISMAN, Deceased, Appellees.

Judgments: EXTENT OF LIEN UPON HOMESTEAD. A judgment creditor
1  has a lien under the statute upon after acquired homestead property, but not for a longer period than that which governs judgments obtained on other debts; it has the same life and the lien extends for the same time as other judgments, and while execution may issue at any time during the life of the judgment, the lien of the judgment upon real property expires in ten years, the same as the lien of other judgments.

Same: EXECUTION: LEVY: LIEN. Execution may issue on any judg-
2  ment so long as it remains unpaid and is unbarred; but after the

expiration of ten years a lien upon real estate can only be created by a levy, and attaches only to the property upon which the levy is made and from the date of the levy.

Same: ESTATES OF DECEDENTS: CLAIMS: JUDGMENTS. Where the statutory lien of a judgment affecting homestead property of a decedent had expired before plaintiff made application for an execution upon the judgment, he stood in no better position to reach property of the estate than other creditors; and where he also failed to file his claim and have it proved and allowed against the estate as other claims are allowed, and the statutory time for administration had also expired, plaintiff lost his right to enforce the judgment against the after acquired homestead property, or the general assets of the estate.

*Appeal from Lee District Court.*—HON. HENRY BANK, Judge.

THURSDAY, OCTOBER 23, 1913.

APPLICATION for an execution on a judgment recovered against Wm. Weisman, deceased; the lien of the judgment having expired before the commencement of this action. Action brought under section 4036 of the Code of 1897.— *Affirmed.*

*W. D. Patterson* and *John E. Craig*, for appellant.

*W. J. Roberts, W. C. Howell*, and *D. F. Miller*, for appellees.

GAYNOR, J.—On the 10th day of October, 1912, plaintiff filed her petition in the district court of Lee county, claiming that on October 9, 1893, one Wilson recovered a judgment in this court against William Weisman for the sum of $1,248, with interest and costs; that said judgment was duly assigned to the plaintiff; that on or about ——, 1897, said William Weisman died intestate, owning at the time of his death in fee the front 50 feet of lots 4, 5, 6, block 125, in the city of Keokuk, which property, at the time of his death, he occupied

as a homestead; that the debt for which the judgment was rendered was contracted on or about the 19th day of August, 1892; that the debt upon which this judgment was rendered is older and prior to the homestead rights in the said Weisman, or the defendants herein, who are the heirs at law of the said Weisman, and is a prior lien upon said property— and plaintiff prays that an execution issue on said debt for the sale of the said property, and for the payment of said judgment, interest, and costs, as provided by section 4036 of the Code of 1897.

To this petition, the defendants filed the following demurrer:   (1) The facts stated in the petition do not entitle plaintiff to the relief demanded.   (2) Plaintiff's judgment is not a lien upon the real estate of defendants which plaintiff seeks to subject to the payment thereof.  The lien of plaintiff's judgment, if any be had at the time of the death of William Weisman, deceased, upon said real estate, expired on the 9th day of October, 1903, and since said date plaintiff has had, and now has, no remedy against the said real estate.

The demurrer admits the facts pleaded.  The facts are, therefore, that the appellant's judgment was recovered October 9, 1893; that the debt for which the judgment was rendered was contracted the 19th of August, 1892; that William Weisman died in the year 1897; that at the time of his death he was the owner of the property in controversy, and occupied the same as a homestead.  The question is, Do these facts entitle the plaintiff to an execution against the property described in this petition?

Section 3801 of the Code of 1897 provides:   "Judgments in the Supreme or District Court of this state, or in the Circuit or District Court of the United States within the state, are liens upon the real estate owned by the defendant at the time of such rendition, and also upon all he may subsequently acquire, for the period of ten years from the date of the judgment."   It does not appear from the petition whether Weisman was the owner of this property or not at the time the

debt was contracted, nor at the time of the rendition of the judgment; but it does appear that he was the owner of it at the time of his death. Section 2976 provides: "The homestead may be sold on execution for debts contracted prior to its acquisition, but in such case it shall not be sold except to supply any deficiency remaining after exhausting the other property of the debtor liable to execution." It appears that the debt upon which this judgment was rendered was contracted prior to the acquisition of the homestead now sought to be subjected to the payment of the judgment. Section 3955 provides: "Executions may issue at any time before the judgment is barred by the statute of limitations." Section 4036 provides: "When a judgment has been obtained against a decedent in his lifetime, the plaintiff may file his petition in the office of the clerk of the court where the judgment is rendered, against the executor, the heirs and devisees of real estate, if such there be, setting forth the facts, and that there is real estate of the deceased, describing its location and extent, and praying the court to award execution against the same." It is under this last section that this action is commenced.

It will be noticed that section 2976 provides for the sale of the homestead for debts contracted prior to its acquisition. This section does not, in specific terms, create any lien on the

1. JUDGMENTS: extent of lien upon homestead. homestead for debts contracted prior to its acquisition, but that it may be sold upon execution therefor. While under this statute it is liable for debts contracted prior to its acquisition, before it can be appropriated to that purpose, judgment must be entered against the owner, or the party claiming the homestead after the debt was contracted, that execution may issue thereon. It then stands as other real estate, the effect of this statute being to relieve that which would otherwise be exempt as a homestead from the exemptions provided therefor, and, as to debts contracted prior to its acquisition, it stands as any other real estate, liable to be taken on execution for

such debts, except that it cannot be so taken and sold except to supply any deficiency remaining after exhausting the other property of the debtor liable to execution. Assuming, therefore, that this statute 2976 gives the party whose debt was contracted prior to the acquisition of·the homestead a lien upon the homestead, when his claim is reduced to judgment and a right to an execution against the homestead for the amount of the judgment, the judgment obtained, upon such a debt, will continue upon the real estate as a lien for a period of ten years from the date of judgment.

It is argued that this statute creates a special lien upon the homestead in favor of one whose debt was contracted prior to its acquisition. True, it gives him a right to the homestead which others do not have, whose debts were contracted after the homestead was acquired. But it cannot be that it was the intention of the Legislature to create a lien upon property occupied as a homestead, for debts contracted prior to its acquisition, for a period longer than that which governs judgments obtained on other debts, which lien is limited to ten years. To hold that a judgment obtained on a debt contracted prior to the acquisition of the homestead was a lien upon the homestead for a period longer than ten years would be to place the homestead in a disadvantageous position. The judgment obtained upon such a debt is the same as any other judgment, and has the same life, and the period of the lien continues, as the lien on other judgments, as provided in section 3801, for ten years.

The judgment obtained on an indebtedness, contracted prior to the acquisition of a homestead, becomes a lien on all real estate owned by the debtor at the time of its rendition. It becomes a lien on the homestead only, because the debt was contracted prior to the acquisition of the homestead. The lien is no different except the limitation of its enforcement, to wit, after all other property has been exhausted. This statute, making a homestead liable for debts contracted prior to its acquisition, has the effect only of relieving it from

its exemption as such, and that thereafter, as to debts contracted prior to that time, it stands as all other real estate, and may be sold on general execution. No special lien was awarded or given in the original judgment now under consideration.

The right to issue an execution exists as long as the judgment remains unsatisfied, and not barred by the statute of limitations. But the lien of the judgment expires within ten years. The judgment lien is statutory, and expires with the statutory limitations upon its life, to wit, ten years. The judgment continues alive until barred by the statute. Section 3447, subd. 8.

Generally the right to issue an execution and levy upon real estate exists as long as the judgment remains unpaid and unbarred. But, after the statutory lien has 2. SAME: execution: levy: lien. been lost by the ten years, the levy of an execution creates a lien only from the date of the levy, and no lien exists after ten years on real estate until an execution issues, and a levy is made, and then only upon the real estate upon which the levy is made.

We come now to the real question in this case. The judgment was obtained in October, 1893. The lien of the judgment therefore expired in October, 1903. At the time this action was commenced, the judgment 3. SAME: estates of decedents: claims: judgments. defendant was dead. Therefore, at the time this action was commenced, and for several years prior to that, the plaintiff had no lien upon the property in controversy. He stood as a general creditor, having a claim against the estate evidenced, it is true, by a judgment, but with no lien on any property belonging to the estate, and no right to appropriate any property by virtue of any lien, as against any other creditor of the estate. He might have filed his judgment with the administrator, and had payment out of the personal property belonging to the estate, and, if that was insufficient, the administrator might have appropriated the real estate, by proper proceedings, to the payment

of claims against the estate. Having no lien upon any property of the estate, real or personal, at the time this action was commenced, he stood in no better position to appropriate any property of the estate to the payment of his claim than any other unsecured creditor. Therefore he should have pursued the remedy open to him by law and filed his claim with the administrator, had it proved and allowed, and paid as other claims against the estate. This he has not done, and, if he had a lien upon any real estate belonging to the intestate at the time of his death, this he would not be required to do, but might proceed against the property upon which he has the lien, following the provisions of the section under which this suit is brought; but this he must do while the lien exists. While a judgment is good for twenty years from the date of its rendition, and may be enforced, and while other claims are not barred until after the lapse of many years after they are contracted, yet, when a party dies, unless these claims are filed with the administrator, or approved and allowed, or proven within one year from the date of the notice of the appointment of the administrator, they are barred as against the estate, as provided in section 3349 of the Code of 1897.

It is true that in this case it does not appear that any administrator was appointed; but it does appear that more than five years have elapsed since the death of the intestate in which original administration could be appointed. Section 3305 provides: "Administration shall not be originally granted after five years from the death of the decedent, or from the time his death was known, in case he died out of the state." It would appear then that the plaintiff, having no lien upon any real property at the time this action was begun, stood as a general creditor having a claim, evidenced by a judgment against the estate of Weisman, which he might have enforced as a creditor by securing the appointment of an administrator within five years, and presenting his claim as the law required.

In *Davis v. Schawhan,* 34 Iowa, 91, a case similar to this, this court said:

> The judgment became a lien at the time of its rendition, and such lien continued for ten years. . . . It could have been enforced against the land at any time before the expiration of this period, even after the death of the judgment debtor, without filing it as a claim against the estate, and it is only necessary to so file the judgment where it is sought to obtain payment thereof out of the personal assets in the hands of the administrator. . . . The plaintiff, therefore, could have enforced his judgment against the real estate on which it was a lien at any time within ten years after its rendition unaffected by the death of the judgment creditor. But he suffered his lien to expire before issuing execution, or making any effort to enforce the judgment. After the expiration of the lien, the plaintiff had no special claim to have his judgment satisfied out of the real estate on which it had been a lien. He could then only seek payment of his judgment from the personal assets in the hands of the administrator, in which case the real estate might, in the event of the inadequacy of the personal assets, be subject to payment thereof. . . . But, to entitle one holding a claim against an estate of a deceased person to payment from the personal assets, he must pursue the method prescribed by law for that purpose, and it is enacted by section 2405 (now 3349) 'that all claims of the fourth class (the one to which plaintiff's claim belongs), not filed and proved within one year and a half after notice of administration is granted are forever barred. . . .' Unsatisfied judgments rendered prior to the death of the decedent are required to be entered in the catalogue of claims, and so much thereof allowed as the plaintiff will show by his own oath, or otherwise, is still unpaid. . . . Now, as we have seen, this is only necessary when it is sought to obtain payment from the personal assets in the hands of the administrator, and the judgment lien may be enforced against the real estate, notwithstanding more than eighteen months have elapsed since notice of the appointment of the administrator. Thus the judgment creditor has two remedies, or rather he has recourse to two funds. He may either seek payment out of the personal assets, or he may enforce his lien on the real estate. If he adopts the latter,

he must do so before his lien has expired; he cannot do so afterwards. If he adopts the former, he must file his claim duly approved within the time limited by the law. The plaintiff has entirely failed to pursue either fund within the time limited, and his claim is therefore barred.

See, also, *Baldwin v. Tuttle*, 23 Iowa, 66; *Boyd v. Collins*, 70 Iowa, 296. In *Hansen Empire Fur Fact. v. Teabout*, 104 Iowa, 361, we find the same doctrine affirmed by this court.

We are satisfied the court did not err in sustaining the demurrer, and the cause is therefore *Affirmed*.

WEAVER, C. J., and DEEMER and WITHROW, JJ., concur.