W. T. PHILLIPS, Appellee, v. JOHN MCILRATH et al., Appellants.

January 10, 1928.

Rehearing Denied April 5, 1928.

*E. N. Farber* and *George D. McIlrath,* for John McIlrath, appellant.

*W. H. Keating,* for W. T. Phillips, appellee.

*Holt & Allbee* and *Beyer & Manley,* for the Strands, appellees.

No appearance for the Pauls, appellants.

Stevens, C. J.—The note in suit is for $34,000, and was executed March 1, 1919, by the appellants J. M. and Jane Paul to their co-appellant, John McIlrath. The mortgage given to secure the payment thereof covers 80 acres of land in Marshall County. On March 27, 1919, the appellant McIlrath entered into a contract in writing with appellee for the purchase of a tract of land containing 197 acres, situated in Poweshiek County. The consideration expressed in the contract was $48,500, and was to be paid as follows:

"Second party agrees to pay said purchase price in the manner following: give a note of five thousand ($5,000.00) dollars, upon the execution of this contract, the receipt thereof being hereby acknowledged, as guarantee on the purchase of said land, and said note of five thousand ($5,000.00) dollars to be returned to the party of the second part upon completion of this contract, as follows. Assume a mortgage of $16,000.00 now on above described land, drawing 6% interest from March 1, 1920, and assign a first mortgage of $34,000.00 drawing 5% interest from March 1/20, due March 1, 1929, on the southeast quarter of Section twenty-nine (29), Township eighty-two (82), Range seventeen (17), Marshall Co., Iowa. The party of the

first part to pay the party of the second part $1,500.00 in cash March 1/20, the difference between the purchase price of the land and the two mortgages, or reduce the $16,000.00 mortgage to $14,500.00.''

Before the note for $34,000 to appellee was delivered, it was indorsed in blank by the appellant McIlrath. During the time intervening between the consummation of the written contract for the purchase of the Poweshiek County land and the commencement of this action, the mortgaged premises had been transferred by Paul and his wife, and again by their grantee. The subsequent purchasers are also made defendants in this action. The appellant admitted the execution of the contract and the indorsement of the note in blank, and set up certain matters as defenses, not now insisted upon. Appellant also filed a cross-petition, in which he alleged that it was agreed and understood between the parties that the $34,000 note and mortgage were to be transferred and accepted by appellee as cash; that the note was to be transferred by delivery, or by an indorsement without recourse; and that, by the mutual mistake of the parties, the note was indorsed in blank. He asks that it be so reformed as to express the true agreement of the parties.

Appellee was represented by one Mullin as agent in the real estate transaction, but appellant acted in his own behalf throughout. Both the agent and appellant testified that the former at all times made it a condition of the purchase of the Poweshiek County farm that the $34,000 note and mortgage should be transferred and accepted by appellee as cash, and without further obligation or liability on his part. They agreed in their testimony that such was the conversation at the time the contract was executed, which was in the presence of appellee. Appellee testified on his own behalf that nothing of the kind was discussed on that or any other occasion, and that no one ever said anything to him about accepting the note and mortgage as cash, or at the indorsement thereof without recourse. Mullin further testified that he promised appellant that he would look after the matter and see that he was protected against liability on his indorsement, and that he explained to him that the indorsement should be without recourse. Nothing was said in the contract about the note. The specific terms of the contract, as appears from the portion quoted herein, required only the

assignment of the mortgage. The force and effect of the testimony of both appellant and Mullin are greatly weakened by the fact that, notwithstanding the alleged oral agreement and understanding, the contract, which was drawn by Mullin, is silent as to the form of the indorsement to be placed upon the note. Further, Mullin was present when it was indorsed by appellant in blank. The explanation offered by Mullin for his failure to insert the full agreement in the contract is that he thought it unnecessary. Appellant testified that he was without experience in handling negotiable paper, and that the note and mortgage in question are the only instruments of a similar character he ever owned or transferred to another, and that he was not informed as to how the note should be transferred.

It is not the province of a court of equity to make contracts for the parties, nor to modify such as may have been voluntarily entered into, merely because the carrying out of their terms may ultimately result in grave injustice to one or the other of the parties thereto. The court may, and frequently does, reform contracts upon the ground of mutual mistake or some other well recognized ground of equitable jurisdiction, so as to make the writing conform to the real agreement and understanding of the parties. This will only be done, however, when the evidence clearly and satisfactorily shows such mutual mistake or other reason for the reformation of the instrument. The reasons assigned by Mullin for the omission of a provision in the contract as to the form of indorsement to be placed upon the note, together with the failure of either himself or appellant to see that the indorsement was without recourse, are strong circumstances against the contention made by them.

In the absence of an agreement to the contrary, we think it must be held that the parties contemplated an indorsement that would preserve the negotiability of the note and constitute the transferee a holder in due course. An indorsement without recourse would accomplish this result (Section 9498, Code of 1924; *Higby v. Bahrenfuss,* 180 Iowa 316); but the mere assignment of the mortgage and the manual delivery of the note without indorsement would not constitute appellee a holder in due course. Section 9525, Code of 1924; *Pope & Slocum v. Jacobus,* 10 Iowa 262; *Pearson v. Cummings,* 28 Iowa 344; *Hecker v. Boylan,* 126 Iowa 162; *Younker v. Martin,* 18 Iowa

143; *Swan v. Yaple,* 35 Iowa 248. A note transferred by delivery and without indorsement is subject, in the hands of the transferee, to any defense in favor of the maker prior to notice of such transfer.

As stated, appellee denied that he was informed by his agent or by appellant that the latter desired to transfer the note without indorsement, or by an indorsement without recourse, or that he ever agreed to so accept the same. On the contrary, he testified that he would not have so accepted the note.

The court is not wholly satisfied from the evidence that the claim of appellant that he had some understanding, at least with Mullin, that the note was to be transferred as so much cash, is not true. The nature of the transaction lends support thereto. This, even if conceded, is not sufficient. The evidence must clearly and satisfactorily show that same was the contract and agreement between the parties thereto, and that the indorsement of the note in blank was due to mutual mistake. In our opinion, the evidence falls short of doing this.

It follows that the judgment below must be, and it is, *—Affirmed.*

EVANS, FAVILLE, ALBERT, and KINDIG, JJ., concur.