DELL SCOTT, Appellant, v. A. MENIN et al., Appellees.

No. 41810.

OCTOBER 17, 1933.

 ─ 

Griffin, Griffin & Griffin, for appellant.

Baron & Bolton, for appellees.

MITCHELL, J.—Dell Scott, the appellant, commenced an action against the Economy Mercantile Company, a corporation, and A. Menin, for the purpose of reforming a bill of sale covering personal property, claiming that it was intended to be a mortgage and that he had one year within which to redeem, and asked for possession of the personal property or judgment for $838, claimed by the appellant to be the difference in value between the value of the property pledged and the amount owing to the appellees by the appellant.

One Ralph Rosenbloom of Chicago was the owner of a farm near Smithland. This farm was leased to the Economy Mercantile Company, a corporation, of which A. Menin was the president and manager. Appellant, Dell Scott, was interested in renting a farm and talked to Menin about renting the farm which the Economy Mercantile Company had leased. Menin then discovered that all of Scott's personal property was mortgaged to the bank at Onawa and that it would be impossible for him to move the personal property unless some arrangement could be made with the owner of the mortgage. Menin then went to the bank and talked with the officials of the bank about buying the mortgage. He then advised Scott that if he could buy the mortgage and acquire title to the personal property at a reasonable price he would do so and would then make some kind of a deal with Scott for the operation of the farm. Menin went to Onawa and consulted with an attorney in regard to the method of arranging for Scott to operate the farm. And Scott and Menin finally entered into a written contract whereby Scott was employed by Menin to operate the farm under a contract of employment. There was some conversation between Scott and Menin in regard to Menin purchasing the mortgage, and also in regard to Scott executing a bill of sale to Menin. Scott and his wife, on the day that Menin purchased the mortgage covering the personal property from the bank at Onawa, executed and delivered

to Menin a bill of sale covering all of the property covered by the mortgage to the bank, and which is here in dispute.

It is conceded by both sides that the questions involved here are almost entirely questions of fact, and thus we must look to the record.

There is a great deal of conflict in the testimony between the appellant's witnesses and the appellees' witnesses. The appellant's witnesses testified, with the exception of Todd, who, by the way, was the only disinterested witness that the appellant offered, that Menin had told the appellant the bill of sale was given simply as security covering the farm implements and stock which belonged at that time to the appellant, and that he would give the appellant one year to pay him back the amount which he was paying the Onawa bank, which was $502; that Menin had told the appellant the reason he wanted the bill of sale instead of a chattel mortgage was that that would keep any one from bothering the appellant, it appearing that the appellant was indebted to other people. The witness Todd knew nothing about the original arrangement. He simply testified that Scott was indebted to him, and that Scott had told him Menin had agreed to turn over the property to Scott if $350 was paid to Menin; it appearing that certain horses and mules were sold and that, after deducting the amount received from the sale of the horses and mules from the amount which Menin paid to the Onawa bank, there was, a balance left of $350. It is very significant that when Todd went to see Menin, according to Todd's testimony, he went to find out what the stuff was worth and how much Menin had against it. Todd said to Menin: "How much of a mortgage do you have"? Menin said: "I don't have a mortgage; I have a bill of sale". Todd said: "Scott told me $350. is what is needed to get it back". Menin said: "No", that it was somewhere around seven or eight hundred dollars.

Against the testimony offered by the appellant, the appellee offered the testimony of one George E. Allen, an attorney of standing at the bar, practicing at Onawa, Iowa. Mr. Allen drew up the bill of sale on February 3, 1931, and was present at the time same was signed. He testified that he informed the Scotts it was a bill of sale, transferring the property from the Scotts to Menin, and that it was an absolute bill of sale. In addition to the testimony of Allen, there is the testimony of Menin, and of Menin's son. There is also the testimony of a Mr. Wm. E. Ball, who purchased some of

the horses from Menin. Before he bought the horses, Ball talked to Scott and asked Scott if the horses were all right, and Scott told him he hadn't anything to do with them; that he had sold them to Menin. It is significant that Scott did not deny in the record this conversation had with Ball.

This court has held, in the case of West v. Hysham, 214 Iowa 349, on page 356, 242 N. W. 19, 22:

"It was incumbent upon the plaintiff, in order to secure a reformation of the contract, to prove that by mutual mistake or by mistake on his part and fraud on the part of the defendant the writing did not correctly express their actual agreement. The degree of affirmative proof required was not merely a preponderance of the evidence. The evidence 'must be clear, satisfactory, and convincing'. Galva First National Bank v. Reed, 205 Iowa 7, 215 N. W. 732, 734; Phillips v. McIlrath, 205 Iowa 1126, 217 N. W. 429; King v. Good, 205 Iowa 1203, 1209, 219 N. W. 517; Taylor v. Lindenmann, 211 Iowa 1122, 235 N. W. 310."

Thus, under the decisions of this court, it is not sufficient that the appellant prove his case by a preponderance of the evidence. He must prove it by clear and convincing testimony that the instrument executed by him was to be a mortgage rather than a bill of sale. The learned and able trial court had the witnesses before him and could judge of their demeanor and gauge the credibility of these witnesses. Clearly, upon a review of this record, the appellant, has failed to submit competent proof that supported his theory of this case. The judgment of the lower court is correct, and it is hereby, affirmed.

ALBERT, C. J., and STEVENS, ANDERSON, KINTZINGER, and KINDIG, JJ., concur.