JESS LACKENDER, Appellee, v. WILLIAM F. MORRISON, Administrator, et al., Appellants.

No. 45794.

February 17, 1942.

E. P. Korab and Lee J. Farnsworth, for appellants.

D. C. Nolan and G. A. Schlaegel, for appellee.

Garfield, J.—In March 1931, C. B. Russell and wife, Margaret, gave to an Iowa City bank their note for $5,000, together with a mortgage upon lot 7, block 27, in Iowa City, property owned by C. B. Russell. This mortgage was foreclosed and the property sold on special execution on April 16, 1936. The period of redemption was extended to June 7, 1937. On this last date the Russells negotiated a settlement with the receiver of the mortgagee bank, who held the sheriff's certificate of purchase, under which the receiver accepted $3,000 in full for the rights of the mortgagee and certificate holder under the foreclosure and sale. $2,500 of this $3,000 was advanced to the Russells by one Ida Healy. The remaining $500 was raised

by Margaret Russell. The sheriff's certificate was assigned by the receiver to Attorney D. C. Nolan, who acted merely as an intermediary, and thereupon sheriff's deed was issued to him. Nolan deeded the west half of said lot 7, which was the homestead of the Russells, to Ida Healy, who in turn gave a written option to C. B. Russell under which he could purchase the property from her for $2,700 if paid within 90 days. A written lease for the 90-day period was also signed by Ida Healy and C. B. Russell.

Russell failed to exercise the option to purchase and on November 4, 1937, Ida Healy instituted Cause No. 27903 against the Russells, claiming to be the absolute owner of the property deeded her by Nolan and asking for the removal of the Russells therefrom. Jess Lackender, plaintiff-appellee in the action now before us, was substituted as plaintiff for Ida Healy in cause 27903, by virtue of a deed to him from Ida Healy. In June 1938, C. B. Russell died intestate and his administrator was substituted for him as defendant in the suit originally brought by Ida Healy. Cause 27903 was tried and went to final judgment and decree on April 26, 1940, in which it was adjudicated that neither Ida Healy nor her grantee Lackender was the absolute owner of the property deeded by Nolan, but held the title merely as security for the payment of the $2,500 and interest loaned by Ida Healy to C. B. Russell on June 7, 1937, to enable Russell to make settlement of the foreclosure judgment and sale. No appeal was taken from this judgment.

On May 27, 1940, Lackender brought the present suit to foreclose the lien so adjudicated on April 26th, making defendants the administrator of C. B. Russell, deceased, also Margaret Russell and John Joseph Russell, son and heir at law of C. B. Russell. The principal controversy is over the proper construction of the judgment of April 26, 1940, in cause 27903. Each side claims it as a favorable adjudication. The trial court found for plaintiff and foreclosed the lien which had been established in the previous judgment. Defendants have appealed.

█ I. The basis for the principal contention made by appellants is the following recital in the preliminary findings of the judgment entry in cause 27903:

"That said west half of Lot 7 was at all times involved in this action the homestead of C. B. Russell, where he resided until his death in June, 1938, and where his widow, defendant Margaret Russell, still resides."

Appellants argue that this finding amounts to an adjudication that the homestead rights of Margaret Russell are superior to the rights of appellee under his title for security and that since Margaret Russell did not sign either the written option agreement or lease with Ida Healy on June 7, 1937, her homestead rights have never been terminated. The judgment proper or decretal part of the decree which follows the above finding provides substantially as follows:

"It is, therefore, ordered, adjudged and decreed: That Jesse Lackender now holds naked title as security for the repayment of $2,500, plus legal interest from June 7, 1937, which said sum was on said date loaned by Ida Healy to C. B. Russell; that the quit claim deed from D. C. Nolan and wife to Ida Healy was delivered to the grantee to hold as security for the payment of the $2,500, plus interest. That said deed was and is in fact a mortgage. That Ida Healy never had any right, title or interest in said real estate except that of a mortgagee, and that Jesse Lackender, her grantee, has no greater right, title or interest therein."

We think these provisions plainly adjudicate that appellee held title as security for the $2,500 advanced by his grantor to C. B. Russell, and that appellants' defense of former adjudication cannot be sustained. Had the court intended to hold that appellee's rights were subject to the homestead rights of Margaret Russell, it would be easy for the decree to have so provided. Appellants claim too much for the bare recital in the preliminary findings that the property constituted the homestead of the Russells. If the finding is inconsistent with the judgment proper or decretal part of the decree, the latter must control. Leach v. State Savings Bank, 202 Iowa 265, 272, 209 N. W. 422; 30 Am. Jur. 931, section 184. As having some bearing, see In re Estate of Evans, 228 Iowa 908, 918, 291 N. W. 460.

The principal issue in cause 27903 was whether appellee's

title was absolute, as claimed by him, or for security only, as contended by the defendants in that cause. While the court held against appellee on his claim of absolute title, its decree unmistakably adjudicated his right to a lien on the property for the money advanced to Russell. This issue was tendered by the defendants in their answers and cross-petitions in No. 27903. Appellee did not seek, nor was there involved in the former case, the enforcement of his lien and there was certainly no adjudication of his right to foreclose the lien. See Band v. Reinke, 230 Iowa 515, 518, 298 N. W. 865, 867; Hamilton v. Henderson, 211 Iowa 29, 230 N. W. 347.

II. It is next contended that appellee elected his remedy in cause 27903 by claiming therein to be the absolute owner of the property and that he is now precluded from maintaining the present suit in which he seeks to enforce his rights as a lienholder. The contention is without merit. The doctrine which appellants invoke has no application here. This court has frequently held that an instrument purporting to be a deed is in fact a mortgage. Guttenfelder v. Iebsen, 230 Iowa 1080, 300 N. W. 299, and cases cited. To prevent the enforcement of such an instrument as a mortgage because of a prior claim by the grantee that the conveyance was absolute would be a strange doctrine. When the previous cause was instituted, appellee's right to a lien, the enforcement of which is now sought, had never been adjudicated. The most that can be said is that in the previous suit appellee attempted to avail himself of a remedy to which he was not entitled. This, however, did not prevent him from later invoking a remedy to which he became entitled by the adjudication in the previous action. There were not two remedies open to appellee when he became a party to the previous suit. Green v. Phoenix Ins. Co., 218 Iowa 1131, 1136, 253 N. W. 36, and cases cited; 28 C. J. S., Election of Remedies, 1080, section 12. In 18 Am. Jur. 146, 147, section 24, it is said:

"If, in truth, the suitor has no such remedy as he invokes, his action in pursuing it does not constitute an election."

III. Appellants' next contention is that the present

action cannot be maintained because of noncompliance with section 11009, Code, 1939, providing as follows:

"No action shall be brought upon any judgment against a defendant * * * within nine years after the rendition thereof, without leave of the court, * * *"

This statute applies to the extension or renewal of a judgment, not to an action to enforce a lien established thereby. It has no application to this cause. Matthews v. Davis, 61 Iowa 225, 16 N. W. 102.

■ IV. It is argued that the deed from Ida Healy to appellee did not amount to an assignment of any lien against the property. Appellants cite Swan v. Yaple, 35 Iowa 248, holding that a deed from the assignee of a mortgage does not operate as an assignment of the mortgage to the grantee. We do not determine whether a deed from a mortgagee ordinarily amounts to an assignment of the mortgage, a proposition on which there is some difference of authority. See Patton on Titles, 946, section 311; 41 C. J. 675, 676, section 689; 37 Am. Jur. 439, section 1211; Annotation, 44 A. L. R. 1266, 1273. We have found no case holding that the grantee of a deed subsequently adjudged to be for security only could not, by a deed to a third party, transfer at least such interest as he had. See, among other cases, McClelland v. Snouffer, 194 Iowa 1387, 1392, 1393, 189 N. W. 808; Webb v. Crouch, 70 W. Va. 580, 74 S. E. 730, Ann. Cas. 1914A, 728; McMillan v. Davenport, 44 Mont. 23, 118 P. 756, Ann. Cas. 1912D, 984. Here, Ida Healy fully consented that appellee succeed to all her rights in the premises by acquiescing in his substitution as plaintiff in No. 27903. In any event, it is sufficient answer to this contention of appellants that the decree in the former case adjudicated appellee's right to a lien.

■ V. As above stated, during the pendency of cause 27903, C. B. Russell died intestate, survived by his widow, Margaret Russell, and his son and heir, John Joseph Russell. His administrator was substituted as a defendant and filed answer on behalf of the estate. Appellants argue that since the son was not a party to the previous action, there is here

a misjoinder of parties defendant. The contention is clearly without merit. He is a proper party to the present suit.

It is suggested in argument that the son is not bound by the decree in the former suit because not a party thereto. Although this is probably true, it is apparent that the court in its decree in No. 27903 carefully protected the son in such rights as his father would have had if living, and the son seems to have acquiesced in that decree. No answer was filed in the present suit on behalf of the son, although represented by the same attorneys who appeared in both cases for the administrator and for Margaret Russell, and it is doubtful if the point suggested was properly raised either in the lower court or upon this appeal. However, it must be remembered that the only rights of the son in the property are as heir of C. B. Russell and that he took by inheritance no greater title than his father had. Appellants do not contend that C. B. Russell, if living, would not be bound by his arrangement with Ida Healy evidenced by the written option agreement and lease signed by him. If C. B. Russell was so bound, the rights of John Joseph rise no higher. The basis of Margaret Russell's claim is that her failure to sign the option agreement and lease left her homestead rights intact.

VI. Some other questions are presented. It is contended that the present action is an illegal attempt to modify the decree in cause 27903, that it is a collateral attack upon that decree, and that there has been a splitting of appellee's cause of action. These contentions are without merit and are concluded by what we have already said.

VII. It appears that the trial court in both No. 27903 and the present suit gave careful consideration to the many contentions of appellants. We think appellants have been fairly treated. Originally, appellant Margaret Russell joined her husband in making a note and mortgage for $5,000. .It appears that thereafter for five consecutive years they failed to pay the taxes on the mortgaged premises amounting, with interest and penalty, to more than $1,100. At the time of the foreclosure decree in March, 1936, the amount due on the mortgage note was in excess of $6,300. With the money

advanced by appellee's grantor, the Russells were able to save their property upon payment of less than half that amount. To deny the claim of appellee would be inequitable and inconsistent with the position taken by Margaret Russell in the previous case. Appellants had an opportunity, had they chosen to avail themselves of it, following the decree in the present case, to redeem the premises upon payment of $2,500 plus interest, taxes and costs. It would seem that through the foreclosure of the mortgage and issuance of the sheriff's. deed, all rights of the Russells were effectively foreclosed except such as were reserved to them on June 7, 1937, in the negotiations with Ida Healy. These rights, which were adjudicated on April 26, 1940, were substantially those of equitable ownership of the property subject to the title for security held by appellee.

VIII. When appellants perfected their appeal to this court, appellee filed application for order directing the sheriff to execute and deliver sheriff's deed to the premises. The application is based on section 11775, Code, 1939, providing that no party who has taken an appeal shall be entitled to redeem. The trial court denied the application and appellee has appealed from the ruling. However, since the period of redemption either has expired or is about to expire, appellee is not pressing his appeal and we do not decide it.

Appellants' motions to dismiss or affirm and to strike portions of appellee's amended abstract are overruled. The clerk will tax as costs not more than one dollar per page for appellee's printing. Rule 43 of this court.

The judgment and decree is affirmed.—Affirmed.

All JUSTICES concur.