**Judith Mae PAGE, Plaintiff-Respondent,**

v.

**Donald Morton PAGE, Defendant-Appellant.**

**No. KCD 26916.**

Missouri Court of Appeals,
Kansas City District.

Nov. 4, 1974.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 2, 1974.

Application to Transfer Denied
Jan. 13, 1975.

Ralph E. Smith, Butler, for appellant.

Harold L. Caskey, Butler, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

SHANGLER, Judge.

The respondent Judith M. Page sued Donald M. Page for divorce and, by separate counts, for the partition of their real and personal property. There was no contested issue as to the divorce, although the defendant filed a general denial as to all counts. The respondent was granted a divorce and custody of the eleven year old son of the marriage and the husband was awarded custody of the sixteen year old daughter, in conformity with the agreement of the parties. The court determined that another son, eighteen years of age, had been emancipated and made no order as to him. The decree also provided for the husband to pay $110 per month to the wife as support money for the younger son, and allowed $100 as temporary attorney fee. The other matters in issue, including alimony, were reserved pending sale of the real estate and partition of the personal property.

A special commissioner was appointed to sell the realty and to partition the personalty in kind between the parties. The defendant husband purchased the real estate at sale and each party was apportioned $877.50 from the proceeds. The partition of the personal property by the commissioner was approved by the parties and the court then approved the sale of the realty and the distribution of the personalty.

The court then heard evidence on the issue of alimony. The parties had been married for about twenty years. In 1963, when the husband was prompted to enter the ministry, the parties moved to California where they both enrolled in school. Mrs. Page did not complete her schooling, but took up employment while her husband attended college in preparation for the ministry. Mr. Page also worked during this period. At the time of the hearing, Mr. Page held a degree in History from Baylor University and had completed numerous credits towards a seminary graduate degree. He had served as pastor of the First Baptist Church in Butler, Missouri at an annual salary of $9,500, a position which was terminated, however, a week prior to hearing.

At the time of the hearing, Mrs. Page was employed as a dental assistant at a salary of $300 per month. She showed a rental obligation of $90 per month. Mr. Page's assets, other than mentioned, was a bank account of $120.

During the early years of the marriage, Mrs. Page's parents had loaned the parties $3,000, of which $2,000 remains unpaid, but which has been forgiven. Also, after the death of her father, Mrs. Page received $3,500 from her mother, which the parties used to improve the home. Their real estate partially secured four different notes upon which the parties were obligated to three different banks. Only the amount of the fourth note, $1,873, is disclosed by the record.

At the conclusion of the hearing, the court awarded the wife alimony in gross of $5,000, $300 additional attorney fees, $110 per month for child support, and further expressed the expectation that appellant husband would pay any indebtedness incurred prior to the divorce. In addition, the husband was ordered to pay the costs of the commissioner and all other costs and that his portion of the proceeds from the sale of the real estate be used for such payment to the extent they were available.

The appellant husband assigned two points of error on this appeal. First, he contends that the award of $5,000 alimony in gross, child support of $110 per month, and $400 in attorney fees was without support in the evidence and otherwise excessive. Second, that the order of the court that the husband pay the outstanding indebtedness of the parties was beyond his jurisdiction to make. As both of these points relate to the final order, judgment and decree of the trial court, we take them together.

We take up first the contention of appellant that the order of the court, at least to the extent that it adjudges that appellant shall pay the outstanding indebtedness of the parties, was beyond his jurisdiction and invalid. The FINAL DIVORCE DECREE extends into seven paragraphs. The first six paragraphs are in the nature of a memorandum opinion or findings. The seventh and final paragraph begins with the declaration: IT IS THEREFORE ORDERED, ADJUDGED AND DECREED is decretal and judgmental in form and substance. Paragraph five of the FINAL DIVORCE DECREE recites:

> The court, after having heard the evidence and the proofs submitted on plaintiff's claim for alimony and advancements, finds that plaintiff is entitled to alimony in gross in the sum of $5,000 *taking into account the expectation that defendant will pay the indebtedness to Butler State Bank* and that the plaintiff is entitled to child support for the child in her custody in the amount of $110.00 per month, together with additional attorney fees in the amount of $300.00.

The appellant impugns the legal effect of the underscored language as beyond the jurisdiction of the court to have adjudicated. As we have indicated, however, this language appears in the fifth paragraph of the FINAL DIVORCE DECREE, and constitutes a part of the memorandum findings which precede the decree. The judgment proper declared a judgment of alimony in gross of $5,000 for plaintiff, awarded custody of the child and $110 per month support money to plaintiff and an additional allowance of $300 in attorney fees to her, but did not include the provision for payment of indebtedness, which appellant finds offensive.

■■ The law in Missouri is clear, that the decretal portion of an order is controlling and cannot be changed or diminished by findings or by a memorandum opinion, even though the latter be part of the same single document. State ex rel. Lodwick v. Cottey, 497 S.W.2d 873 (Mo.App.1973); Farrar v. Moore, 416 S.W.2d 711 (Mo. App.1967); Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132 (Mo. banc 1952). In *Lod-*

*wick,* l. c. 878[4] of 497 S.W.2d, we cited the Missouri Supreme Court en banc in *Casper:*

> Mere recitals are not indispensable parts of judgments. The judgment or decree does not reside in its recitals, but in the mandatory or decretal portion thereof, which adjudicates and determines the issues in the case and defines and settles the rights and interests of the parties as far as they relate to the subject matter of the controversy. * * * It has also been held that if there is an inconsistency between the recitals and the decretal part of a judgment, an express adjudication controls mere recitals. 49 C.J.S. Judgments § 437, p. 870; Lackender v. Morrison, 231 Iowa 899, 2 N.W.2d 286.

We supported our rationale in Lodwick by reference to numerous Missouri decisions and other authorities. To these we add 49 C.J.S. Judgments § 71a, p. 189. It follows that the parties are bound by the decretal portion of the judgment and are not affected by the recitals in the memorandum portion of the FINAL DIVORCE DECREE. The judgment entered by the trial court was clearly within the pleadings and evidence and was an adjudication within the power of the court to make.

▮▮▮ The next question is whether these allowances, made under an order of proper jurisdiction, are otherwise invalid because of excessiveness. In this inquiry we will defer to the findings of the trial court unless clearly erroneous. Rule 73.-01(d), V.A.M.R. The reasonableness of allowances for alimony and child support is determined by the financial condition of the husband-father at the time the award is made. The proper measurement of the adequacy of marital allowances pursuant to divorce is the capacity of the husband to pay, and both his present and past earnings are evidence of such capacity. Weiss v. Weiss, 392 S.W.2d 646, 647[1, 2] (Mo. App.1965). In Biggs v. Biggs, 397 S.W.2d 337, (Mo.App.1965), the court gave clear guidance for the exercise of a proper discretion in the award of alimony and support money l. c. 343[6]:

> [T]he financial status of the respective parties, including the question of their individual estates, incomes, obligations, and necessities; the contributions of each to the accumulated property; the probable future prospects of each; their respective ages, health, and ability to follow gainful occupations; their stations in life; their children, if any, and the disposition made with respect to their custody; the duration of the marriage, and whether it was one of affection or convenience; and the conduct of the parties, with particular regard to the cause of the divorce, and the relative or comparative responsibility of each therefor.

From the record before us, the finding of the trial court that the possibilities for future earning capacity was far greater for the husband than for the wife is fully justified. His professional status stands in contrast to the limited financial security open to the plaintiff-wife. Considering the duration of the marriage and the sacrifice by the wife of her own development to the ambitions of the husband, and all of the other pertinent considerations shown by the evidence, an award of $5,000 alimony is not excessive, nor are the other allowances of which the husband complains. We cannot say that the judgment of the trial court worked an injustice or was not justified by the evidence or was otherwise an abuse of discretion.

▮▮▮ While we have determined that the amount of the alimony awarded is reasonable that is not to say that the designated mode of payment is also reasonable. A court has discretion to award alimony either in gross or in periodic installments. This discretion, as any other is susceptible of abuse. § 452.080, RSMo 1969, V.A.M. S.; Bowzer v. Bowzer, 236 Mo.App. 514, 155 S.W.2d 530 (1941). The propriety of whether an award of alimony shall be made payable in gross or periodically depends upon the financial ability of the par-

ty charged. At the trial the court was apprised that although the husband had been gainfully employed in the past, at the time of the trial he was unemployed and without substantial means. At oral hearing on appeal, it was conceded that the appellant-husband had regained employment.

Accordingly, this cause is affirmed but remanded to the trial court for entry of judgment for periodic payment of the award of $5,000 alimony in gross. The trial court may, if so advised, require evidence of the present financial conditions of the parties for that limited purpose.

All concur.