Paul WHITTERS and Jerri Whitters, Appellees,

v.

**Paul Eldon NEAL II, Appellant.**

No. 98–2181.

Supreme Court of Iowa.

Dec. 22, 1999.

Richard D. Raymon, Cedar Rapids, for appellant.

Matthew J. Nagle and Corinne R. Butkowski of Lynch, Dallas, Smith, & Harman, P.C., Cedar Rapids, for appellees.

Considered by LARSON, P.J., and LAVORATO, SNELL, CADY, and HARRIS,* JJ.

LARSON, Justice.

The narrow issue presented here is whether a judgment creditor may "renew" a judgment lien, on motion, without filing a separate action. The district court con-

* Senior judge assigned by order pursuant to

cluded that such procedure was permissible, but we disagree.

## I. *Facts and Proceedings.*

In August 1989 the plaintiffs, Paul Whitters and Jerri Whitters, sued the defendant, Paul Neal, in Linn County District Court for damages arising out of a motor vehicle accident. In October 1989 the plaintiffs took a default judgment for $3357.22 plus interest and costs. A general execution on the judgment remains unsatisfied.

In October 1998 the plaintiffs filed a "Motion for Renewal of Judgment." The defendant resisted on the ground there is no statutory authority to renew a judgment lien. The court overruled the objection and ordered the lien renewed. In response to the defendant's Iowa Rule of Civil Procedure 179(b) motion challenging the ruling on the ground it lacked statutory authority, the district court cited Iowa Code sections 614.1(6) and 624.23(1) (1997) as its authority.

## II. *The Merits.*

■ The judgment against the defendant, which was entered on October 26, 1989, created a lien on his real estate. Under Iowa Code section 624.23(1),

> [j]udgments in the appellate or district courts of this state ... are liens upon the real estate owned by the defendant at the time of such rendition, and also upon all the defendant may subsequently acquire, for the period of ten years from the date of the judgment.

Under this section, the plaintiffs' lien would expire on October 26, 1999. Their attempt to "renew" the lien, which was filed on October 22, 1998, was obviously intended to deal with the impending expiration of the ten-year lien.

While the judgment lien is valid only for ten years, the judgment itself would stand for twenty years. Under Iowa Code section 614.1 (1997),

Iowa Code section 602.9206 (1999).

[a]ctions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:

. . . .

6. *Judgments of courts of record.* Those founded on a judgment of a court of record, whether of this or of any other of the United States, or of the federal courts of the United States, within twenty years.

Procedures involving judgment liens are closely circumscribed by statute, because

[j]udgments are not, of themselves, liens upon property. A lien predicated upon the rendition or entry of judgment did not exist at common law. A judgment lien is a creature of statute, and is completely dependent upon the authorizing statute for the terms and limits of its existence.

46 Am.Jur.2d *Judgments* § 361, at 679 (1994) (footnotes omitted); *accord Brown v. Vonnahme*, 343 N.W.2d 445, 448 (Iowa 1984).

No case or statutory law has been cited to us that would allow the extension of a judgment lien simply by filing a motion, as proposed by the plaintiffs. Under the general rule, "[i]n the absence of statutory authority the lien of the judgment ordinarily may not be extended beyond the period of time fixed by statutory regulations." 50 C.J.S. *Judgments* § 598, at 155 (1997) (footnote omitted).

■ A judgment creditor could execute on a judgment, even after the expiration of the judgment lien, provided suit was filed within the twenty-year life of the judgment. *James v. Weisman*, 161 Iowa 488, 493, 143 N.W. 428, 429 (1913). We said in *James:*

The right to issue an execution exists as long as the judgment remains unsatisfied, and not barred by the statute of limitations. But the lien of the judgment expires within ten years. The judgment lien is statutory, and expires with the statutory limitations upon its life, to wit, ten years. The judgment continues alive until barred by the statute.

Generally the right to issue an execution and levy upon real estate exists as long as the judgment remains unpaid and unbarred. But, after the statutory lien has been lost by the ten years, the levy of an execution creates a lien only from the date of the levy, and no lien exists after ten years on real estate until an execution issues, and a levy is made, and then only upon the real estate upon which the levy is made.

*Id.* (citation omitted).

■ The problem with proceeding by execution under the original judgment, after the expiration of the initial ten years, is that the original judgment *lien* has been lost. If a creditor wants to retain a lien, the proper procedure is to sue on the original judgment and obtain a new lien. *See Chader v. Wilkins*, 226 Iowa 417, 421–22, 284 N.W. 183, 185–86 (1939); *James,* 161 Iowa at 493, 143 N.W. at 429; *Stahl v. Roost,* 34 Iowa 475, 476 (1872).

In suing on the original judgment, there are time windows as to when suit may be commenced. Iowa Code section 614.3 provides:

No action shall be brought upon any judgment against a defendant therein, rendered in any court of record of this state, within nine years after the rendition thereof, without leave of the court for good cause shown, and, if the adverse party is a resident of this state, upon reasonable notice of the application therefor to the adverse party; . . . but the time during which an action on a judgment is prohibited by this section shall not be excluded in computing the statutory period of limitation for an action thereon.

■ While this statute provides time windows to sue on a *judgment,* it does not affect the right of a judgment creditor to enforce the original judgment *lien.* En-

forcement of the lien and a suit on the judgment are independent remedies. We have said:

> This statute [Iowa Code section 614.13] applies to the extension or renewal of a judgment, not to an action to enforce a lien established thereby. It has no application to this cause.

*Lackender v. Morrison,* 231 Iowa 899, 904, 2 N.W.2d 286, 289 (1942).

While a judgment creditor may (1) obtain a new lien by suing on the judgment or (2) execute under the original judgment, neither of these procedures was implemented here. The plaintiffs simply attempted to extend the original judgment lien by motion, and our statutes do not permit that. Accordingly, we reverse and remand for an order denying the motion to renew the judgment lien.

**REVERSED AND REMANDED.**